Clarence PAYNE, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 17497.

United States Court of Appeals
Fifth Circuit.

April 30, 1959.

Frank S. Bruno, New Orleans, La., for appellant.

F. Carter Johnson, Jr., of Porteous & Johnson, New Orleans, La., for appellee.

Frederick J. Gisevius, Jr., Robert F. Shearman, John G. Discon, George M. Leppert, Peter J. Compagno, New Orleans, La., Amici Curiae.

Before RIVES, JONES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This appeal presents two questions: (1) In a suit for damages for personal injuries, brought against an insurer

alone, is the jurisdictional amount controlled by the limitation of liability in the policy on which the plaintiff sues or by the amount of the alleged damages? (2) In a suit brought by the father as natural tutor, may a claim for property damage to a child's clothing and a claim for damages for personal injuries suffered by the child be aggregated in order to make up the requisite jurisdictional amount?

John Payne, a nine year old boy, was crossing a street in Covington, Louisiana, when he was hit by an automobile driven by Ashiel Duturich. John's father, Clarence Payne, as natural tutor of his minor son, sued State Farm Mutual Automobile Insurance Company, Duturich's insurer, under the Louisiana Direct Action Statute, LSA–R.S. 22:655, permitting a direct action against an insurer alone. Payne claimed $50,000 for personal injuries to his son and $865.68 for medical expenses. State Farm Mutual Automobile Insurance Company moved to dismiss the complaint on the ground that its liability was limited to $10,000 for personal injuries. Payne then filed an amended complaint in which he asked for property damages in the amount of $15 for damages to the child's clothing, hoping thereby to overcome the jurisdictional barrier.[1] The district court dismissed the suit on the ground that the matter in controversy did not exceed $10,000, the required jurisdictional amount in diversity cases. Public Laws, 85–554, 85 Cong., July 25, 1958, 72 Stat. 415, 28 U.S.C.A. § 1332. We affirm.

### I.

■■ The sum a plaintiff claims usually controls the jurisdictional amount. If, however, it appears to a legal certainty that the claim is for less than the jurisdictional amount, the complaint should be dismissed. The test of legal certainty is stated in Barry v. Edmunds, 1886, 116 U.S. 550, 559, 6 S.Ct. 501, 506, 29 L.Ed. 729, as follows:

"* * * It might happen that the judge, on the trial or hearing of a cause, would receive impressions amounting to a moral certainty that it does not really and substantially involve a dispute or controversy within the jurisdiction of the court. But upon such a personal conviction, however strong, he would not be at liberty to act, unless the facts on which the persuasion is based, when made distinctly to appear on the record, create a *legal certainty* of the conclusion based on them. Nothing less than this is meant by the statute when it provides that the failure of its jurisdiction, on this account, 'shall appear to the satisfaction of said Circuit Court'."

As pointed out in St. Paul Mercury Indemnity Co. v. Red Cab Co., 1937, 303 U. S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845: "The intent of Congress drastically to restrict federal jurisdiction in controversies between different states has always been rigorously enforced by the courts * * * [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed * * * the suit will be dismissed."

If there is one situation where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability. Thus, in Schacker v. Hartford Fire Insurance Company, 1876, 93 U.S. 241, 23 L.Ed. 862, the Court affirmed dismissal of a complaint for lack of jurisdiction, because of a policy limitation to $1400, although the plaintiff's allegations of damage satisfied the jurisdictional amount. In Colorado Life Co. v. Steele, 8 Cir., 1938, 95 F.2d 535, 536, the court looked to the recovery limitations in the disability clauses of a life insurance policy to determine jurisdictional amount. What the court said there applies equally well here:

"[I]f from the nature of the case as stated in the petition there could

1. The policy also contained a provision insuring for property damage up to $5,000.

not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid * * * at a sum larger than the jurisdictional amount * * * Therefore, while the prayer here is for an amount far above the jurisdictional requirement, this court must examine whether it is legally possible for plaintiff to recover a sum equal to the jurisdictional amount upon the cause of action alleged in the petition."

In Carnes & Co. v. Employers' Liability Assurance Corp., 5 Cir., 1939, 101 F.2d 739 this Court held that the amount in controversy was the value of the policy and not the amount claimed in good faith by the plaintiff. See also Stone v. Central Surety & Insurance Corp., D.C.N.Y. 1943, 51 F.Supp. 432 in which the $2500 limitation in a fire insurance policy defeated jurisdiction.

The injury to the Payne child might warrant recovery from Duturich of damages greatly in excess of $10,000, but the action was brought against State Farm only. It is a legal certainty, apparent on the face of the papers, that the claim against the insurer for the child's personal injuries does not meet the jurisdictional amount.

## II.

Payne argues that the amended complaint brings the amount in controversy up to $10,015. That depends on whether the claim for $15 for damage to the child's clothing was properly a claim by the father individually or by the father in a representative capacity for his son. We think that the cause of action was in the father.

A boy of nine may own the marbles he buys with his allowance, but clothing furnished a child by his father under a parent's duty to support his children remains the property of the father. Any member of a large family can testify that this is a working rule of no small practical convenience as well as a principle of law. "[A]rticles given to a child by the parent by way of support and maintenance, in keeping with its condition in life, remain the property of the parent, and do not become the property of a child, although the child may have the possession of them and a special property in them, and as to all the world, except the parent, has the exclusive right to them." Semple School for Girls v. Yielding, 1918, 16 Ala.App. 584, 80 So. 158, 160. Thus it is the parent, not the child, who has a cause of action against a third person who causes the loss or destruction of the clothing.[2] "The clothing furnished his minor daughter", the court said in Shoemaker v. Jackson, 1905, 128 Iowa 488, 104 N.W. 503, 504, 1 L.R.A.,N.S., 137, "was the property of the defendant [the father], and he was entitled to recover for any injury thereto which resulted directly from the plaintiff's act."

When a father sues in his own behalf and in behalf of his minor child each claim, the claim of the father and the claim of the child, must satisfy the requirement of jurisdictional amount. Mitchell v. Great American Indemnity Co., D.C.La.1950, 87 F.Supp. 961. See also Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 86, 43 S.Ct. 480, 67 L.Ed. 871. Here we have the child's claim against the insurer that legally cannot exceed $10,000 under the policy, and the father's claim for $15.[3] Neither claim meets the test.

The judgment is

Affirmed.

---

2. See the annotation, 61 A.L.R.2d 1270, in which the cases on this point are collected and discussed.

3. Plus the claim for medical expenses.