George B. McGLOCKLIN

v.

HOUSTON FIRE AND CASUALTY IN-SURANCE COMPANY et al.

Civ. A. No. 13117.

United States District Court
E. D. Louisiana.

June 17, 1963.

Joseph Gowan, New Orleans, La., for plaintiff.

H. F. Foster, III, New Orleans, La., for Houston Fire & Casualty Company.

FRANK B. ELLIS, District Judge.

George B. McGlocklin was injured while riding as a guest passenger in his own automobile which was being driven by his wife. Among others he sues the Houston Fire and Casualty Co., his own insurer, for personal injury damages, medical bills and property damage. Defendant, Houston Fire and Casualty Co., files its policy and a letter to plaintiff's attorney into the record and moves to

have the order permitting plaintiff to amend his complaint set aside or in the alternative to have the action against it dismissed for lack of jurisdictional amount on the ground that to a legal certainty it is impossible for plaintiff to recover in excess of $10,000.00.

██ Houston argues that its policy limits are $10,000.00 for personal injury and that this is insufficient for the jurisdictional amount. This is true. Payne v. State Farm Mutual Automobile Insurance Co., 5 Cir., 266 F.2d 63. Plaintiff responds that it has a claim for property damage and medical payments under the policy and this may be added to the jurisdictional amount. To this defendant responds that under the policy there is no coverage for property loss to the insured. This is true as the policy specifically excludes coverage for " * * * injury to or destruction of (1) property owned or transported by the insured. * * * " Hence, although the cause of action for the property loss belongs to plaintiff it may not be urged against Houston Fire and Casualty Co.

██ Defendant also relies on the Louisiana Supreme Court case of Gunter v. Lord, 242 La. 943, 140 So.2d 11, for the proposition that there may not be double recovery of medical expenses under the type of policy in suit. This is true. However, there is nothing in that case to suggest that damages for personal injury could not exhaust the $10,000.00 personal injury coverage and that the medical expenses might come out of the medical expenses coverage of the policy. However, defendant's argument does not end there. It points out that under the contract to which plaintiff and defendant are parties, there must be full compliance with the terms of the policy before any action will lie against the company. Plaintiff concedes that $1,130.90 of the $2,000.00 coverage had been paid to him. Defendant's attorney filed a letter indicating that if further claim forms would be filled out payment would be made. In short, plaintiff has not made a claim for the additional medical expenses for which he sues in this action. Moreover, in the contract he had with defendant, plaintiff agreed to make such claims before bringing an action against defendant. Since defendant has paid similar medical claims in the past and may very well pay them after proper claim is made, plaintiff has contractually foreclosed a suit on the medical payments coverage until he complies with the terms of his own contract. If the company refuses to make such payments then plaintiff may sue for them and may join such claim with his claim for personal injuries and then will properly allege the jurisdictional amount.

At this point, however, there is only a claim for personal injuries cognizable before this court and that is below the jurisdictional amount. The case must then be dismissed without prejudice to be refiled if defendant denies the medical expense claim.