**MANUEL GONZALEZ CASTIÑEIRA INC., Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, Defendant.**

**Civ. No. 191–63.**

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 8, 1963.

Rafael L. Franco Garcia, Santurce, P. R., for plaintiff.

Rivera-Zayas, Rivera-Cestero & Rua, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This case was originally filed in this Court on May 29, 1963, plaintiff praying for a judgment against defendant in the sum of $5,593.94 together with interest thereon from October 31, 1961 and the sum of $1,000.00 for attorneys fees, plus costs.

On June 13, 1963, defendant moved for a dismissal of this case on the ground that the jurisdictional amount of $10,000, was lacking.

On June 24, 1963, plaintiff moved the Court for leave to file an amended complaint, because "the complaint filed does not show the actual damages requested."

Defendant filed its opposition to plaintiff's said motion, but it later consented thereto and the Court permitted the filing of the amended complaint by the plaintiff. Defendant then filed a motion to dismiss

the latter for lack of jurisdiction, which motion came up for a hearing on Friday, August 2, 1963 in the forenoon.

Plaintiff's only amendment to its complaint consists in the addition of paragraph 12 of its amended complaint, wherein plaintiff claims that because of defendant's refusal to pay plaintiff under the alleged bond plaintiff has been unable to meet timely its obligations to its creditors, who have been continuously molesting and threatening it to withdraw its credit; that plaintiff has entered into several agreements with lending institutions in order to be able to meet said obligations and thus has been damaged in the sum of $5,000.—.

The paragraph thus added to the complaint by way of amendment, justifies under the above detailed circumstances, a finding by this Court to a legal certainty that the necessary jurisdictional amount is lacking.

See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, at p. 289, 58 S.Ct. 586 at p. 590, 82 L.Ed. 845, where it was said:

"But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed * * * and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

See also: Payne v. State Farm Mutual Automobile Insurance Co., 266 F.2d 63, (5 Cir. 1959); where at pp. 64–65 the following quotation from Colorado Life Co. v. Steele, 8 Cir. 1938, 95 F.2d 535, 536 is made:

"(I)f from the nature of the case as stated in the petition there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid * * * at a sum larger than the jurisdictional amount * * * Therefore, while the prayer here is for an amount far above the jurisdictional requirement, this court must examine whether it is legally possible for plaintiff to re-

cover a sum equal to the jurisdictional amount upon the cause of action alleged in the petition".

It follows, therefore, that defendant's motion to dismiss for lack of the required jurisdictional amount must be, as it is, hereby granted.