Nazita Rose **JAROS** and Paul Callaway

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Civ. A. No. 14823–B.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 30, 1966.

Eldon Fallon, Kierr & Gainsburgh, New Orleans, La., for plaintiffs.

Ben C. Toledano, Porteous & Johnson, New Orleans, La., for defendant.

HEEBE, District Judge.

Defendant insures the owner and operator of an automobile which overturned, allegedly injuring a guest passenger, Paul Callaway, a minor, who, through his mother as next friend and guardian ad litem, brings this diversity suit against the insurer, under the Louisiana direct action statute, LSA–R.S. 22:655. There is coverage under the policy in the amount of $10,000.00 for bodily injury and $2,-000.00 for medical payments; a claim under the bodily injury coverage alone, not being "in excess of $10,000.00", would be insufficient to meet the jurisdictional amount test. Payne v. State Farm Mutual Automobile Insurance Co., 266 F.2d 63, Part I (5th Cir. 1959).

Defendant first moved this Court to dismiss for lack of jurisdictional amount on the grounds that the claim for medical expenses could not be asserted by the mother as next friend of the minor, but rather, being a claim belonging to her, must be asserted *directly* by her, relying on *Payne,* supra, Part II. Thus, argued defendant, following the holding in *Payne,* the amount of the medical expenses claim, asserted *directly,* could not be aggregated with the amount of the personal injury claim which, being a claim belonging to the minor, was asserted as *representative,* and thus neither of the separate amounts in controversy exceeded $10,000.00.

At that time the Chief Judge of this Court ruled that in the circumstances of this case, where the Orleans Parish Juvenile Court had declared the minor to be a neglected child and had made him a ward of the court, the claim for medical expenses would be regarded as his own since those under a duty to care for him, who would normally be the proper parties to bring a claim for medical expenses, had not furnished him with those items. Thus, both claims would be considered as brought by the mother in a representative capacity, and aggregation of amounts would be permitted. The Court further, reserving the right to pass on the qualifications of the next friend, allowed her to remain as a representative of the minor.

The motion to dismiss for lack of jurisdictional amount was then renewed before our predecessor on the bench without any new grounds being alleged, and he also denied it.

The same motion is again urged. Although the doctrine of law of the case does not deprive us of the *power* to overrule the prior decisions of two judges of this Court, 1B Moore's Federal Practice, ¶ 0.404[4], p. 452–55, where, as here, all matters of law and fact involved in that ground for the motion were presented to the other judges and there is no showing that those rulings are in error, or are no longer applicable or should not be followed, Poster Exchange Inc. v. National Screen Service Corp., 362 F.2d 571, 574 (5th Cir. 1966), we

choose not to redetermine this ground for the motion. Even though the Court can, on its own motion, inquire into its subject matter jurisdiction, where that inquiry has been twice made, sound principles of judicial administration and judicial discretion dictate that we accept the results of those inquiries. Thus, insofar as the motion is grounded on the impermissibility of aggregating the medical payments claim with the bodily injury claim, it is denied.

However, in support of the present motion, defendant urges an additional theory, apparently not presented to, not argued before, and not considered by, the other judges. We will consider that theory.

Defendant urges that the amount requested in the complaint for medical expenses is not a "matter in controversy" within the terms of the diversity statute, 28 U.S.C.A. § 1332. He points out that the defendant has paid those expenses and stands ready to pay any additional expenses incurred; further, he states that the defendant at all times stood ready to pay the medical expenses under the terms of its policy.

■■ It is undisputed that the medical expenses were not paid at the time suit was filed but were paid after the institution of suit. It is well established that determination of the amount in controversy is made at the time suit is filed and that events occurring subsequently which reduce the amount recoverable below the statutory limit do not deprive the court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289–290, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Gulf Refining Co. v. Price, 232 F.2d 25, 30 (5th Cir. 1956); 1 Moore's Federal Practice, ¶ 0.91[3], p. 831, note 1 and text accompanying; 1 Barron & Holtzoff, § 24, note 58. Thus payment of the medical claims by the defendant after the institution of suit is inconsequential as to determination of amount in controversy.

■ The defendant argues that the question of medical expenses was not in dispute even *before* suit was filed—the minor was an insured under the contract, had a right to recover, and the insurer stood ready to pay those expenses at all times. This argument ignores that the defendant's answer did not admit, but rather denied, liability for the medical expenses. This alone is sufficient to require that we deny the motion. But also, even if the Court were to find that the defendant, at the time suit was filed, did not dispute the claim for medical expenses, so long as that claim was not *satisfied* it is part of the matter in controversy. Re Metropolitan Railway Receivership, 208 U.S. 90, 107–108, 28 S.Ct. 219, 52 L.Ed. 403 (1908).

Defendant's reliance on McGlocklin v. Houston Fire and Casualty Insurance Co., 220 F.Supp. 193 (E.D.La.1963) is misplaced. In that case the guest passenger, plaintiff, was injured while riding in his own car operated by his wife. It is true that in a suit against his own insurer on the policy, which had $10,000.00 personal injury coverage and $2,000.00 medical expense coverage, plaintiff was not allowed to add the medical expenses claim to that for personal injury in an effort to meet the jurisdictional amount, because he had failed to make a demand on the insurer for the unpaid medical expenses. But the reason for that ruling was that the *terms of the policy*, to which the plaintiff was a party, had not been complied with before suit was instituted. In the case before us, the minor was not a party to the contract of insurance and thus had no policy terms to comply with before instituting suit.[1] Thus, there is no reason to carve out an exception to the rule of *Metropolitan Railway*, supra, and the motion of defendant to dismiss for lack of jurisdictional amount must be denied.

---

1. On the record before us, it is not clear whether a formal demand for the amount of medical expenses was made by the plaintiff prior to the institution of suit. Under our view of the law, demand is not a determinative factor; failure to have satisfied the claim is.