**Elpidio Morales MONROIG**

v.

**FIRESTONE INTERAMERICA COMPANY, an Ohio Corporation.**

**Civ. No. 837–67.**

United States District Court
D. Puerto Rico.

Aug. 26, 1969.

**60**

F. J. Perez Almiroty, Santurce, P. R., for plaintiff.

Agustin F. Fortuno, Ruiz, Fortuno & Santiago Semidey, Santurce, P. R., for defendants.

## ORDER

FERNANDEZ-BADILLO, District Judge.

This case is presently before the Court upon defendant's motion to dismiss for failure to state a claim and for lack of jurisdictional amount which according to an order entered on September 27, 1968 shall be treated as a motion for summary judgment. Attached to this motion are certified copies of the legal documents which were filed in a suit for collection of money against plaintiff instituted in the District Court of Puerto Rico, San Juan Part, by Firestone Interamerica Corporation (hereinafter referred to as "Firestone"). The present action is a direct consequence of the civil suit filed in the Commonwealth court.

The complaint basically alleges that defendant brought the local collection action seeking to recover the sum of $1,-371.71 for merchandise sold at a time when plaintiff Elpidio Morales Monroig in his personal capacity owed no amount of money whatsoever to defendant corporation.[1] It is further stated that this "was in effect an obligation, if any, of U.B.I. Service Station, Inc., a corporation then owning and operating the service station to which the allegedly sold merchandise was actually sold, and who had and has an entirely and completely separate identity from the personal identity of the Plaintiff herein."

It is undisputed that the complaint in the local action was never served, an ordered attachment was attempted but never consummated and the action ended with a voluntary dismissal. As a result of these acts plaintiff contends that he

1. It is significant to note that the collection action was not brought simply against Elpidio Morales Monroig but rather against Elpidio Morales Monroig d/b/a U.B.I. Super Service Station. This indicates that the real intent of Firestone Interamerica Corp. was to sue the business entity which allegedly was its debtor and not merely the owner as an individual.

suffered $100,000 in damages to his credit and reputation. It is specifically alleged that his credit and reputation were affected in the following two ways:

(1) Although the bank refused to obey the attachment order nonetheless defendant's acts caused him "serious embarrassment" and "affected seriously his credit standing with said Bank and actually motivated the cancellation * * * of their approval of a $50,000 personal line of credit that he had applied for * * *."

(2) "That the filing of the * * * unwarranted law suit became a matter of public record before the Court * * and came within the knowledge of many persons right at the Court and also those who may have read the certain Bulletins published and circulated locally under the name of Boletín Judicial * * *."

█ In general terms under Puerto Rican law a cause of action for damages will not lie as a consequence of the filing of a civil suit. Lopez de Tord & Zayas v. Molina, 38 P.R.R. 737 (1928), Pereira v. Hernández, 83 P.R.R. 156 (1961). There is only one case, that of Fonseca v. Oyola, 77 P.R.R. 496 (1954) where an action for malicious prosecution of a civil suit was upheld. However, as has been reiterated in subsequent opinions the *Fonseca* case involved extraordinary circumstances which justified the exception to the general rule established in the local jurisdiction. The case at bar, involving the ordinary situation of a suit filed with service of attachment made and followed by voluntary dismissal is devoid of such extreme circumstances as would make allowance to depart from the rule established by Puerto Rican decisional law.

However, upon examining the complaint I find that the essential elements of an action for wrongful attachment have been alleged. This is an ex-delicto action based on § 1802 of the Civil Code, 31 L.P.R.A. § 5141, which arises from the tortious acts of the plaintiff in the suit in which the attachment was made and not from the bond which he gave in order to levy the attachment. Cintrón v. Insular & Agricultural Exposition Association, Inc., 58 P.R.R. 820 (1941), Méndez v. E. Solé & Co., 62 P.R.R. 805 (1944). The requirements of allegation and proof of a wrongful attachment action consist of the following:

(1) that the property was actually attached in the sense that physical possession was taken thereof;

(2) that the action brought against plaintiff in which the attachment was executed ended by a final and unappealable judgment in his favor;

(3) the damages suffered. Berríos v. International General Electric, 88 P.R.R. 106 (1963). In the *Berríos* case, where the attachment papers were merely served, the Court departed from the requirement that the attachment be actually executed by taking possession of the property and concluded "that the facts of this case irrespective of whether or not the attachment was completed, give rise to the imposition of liability under the letter of § 1802."

█ In the complaint now before the Court plaintiff has alleged damages, specifically the cancellation of an approved loan; there is a dismissal of the collection suit which operates as an adjudication upon the merits in his favor, and finally, the attachment though not executed was attempted and served. Such being the situation the Court is of the opinion that there are sufficient facts alleged stating a cause of action for damages for wrongful attachment.

There remains one important item to be discussed which was raised by defendant's motion. This concerns the issue whether the jurisdictional amount is actually in controversy herein. It is settled that "if from the nature of the case as stated in the petition there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid * * * at a sum larger than the jurisdictional amount. * * * Therefore, while the prayer here is for an amount far above the jurisdictional requirement, this court must examine

whether it is legally possible for plaintiff to recover a sum equal to the jurisdictional amount upon the cause of action alleged in the petition." Colorado Life Co. v. Steele, 95 F.2d 535 (8th Cir., 1938) cited with approval in Payne v. State Farm Mutual Automobile Insurance Co., 266 F.2d 63 (5th Cir., 1959), Manuel González Castiñeira Inc. v. Maryland Casualty Co., 220 F.Supp. 44 (D.C. P.R., 1963). See also: St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 where the Court said:

> "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed * * * and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

After considering the nature of this case and the circumstances set forth in the complaint, the Court determines that it is virtually impossible for plaintiff to recover in excess of the jurisdictional amount of $10,000 required by 28 U.S.C. § 1332. However, the United States District Court of Puerto Rico has additional jurisdiction under 48 U.S.C. § 863 in matters wherein the amount in controversy exceeds $3,000 and the essential jurisdictional allegations of the complaint fall within this section. Considering this lower jurisdictional amount of $3,000 and taking into account plaintiff's claim and the specific damages stated therein the Court finds that dismissal of the complaint is not justified for it is not apparent to a legal certainty that the suit cannot involve the amount necessary for jurisdiction to attach under 48 U.S.C. § 863.

In view of the foregoing, the Court notices lack of federal jurisdiction under 28 U.S.C. § 1332 and declares that its jurisdiction is conferred under 48 U.S.C. § 863, the additional jurisdiction statute covering Puerto Rico. Having noted these observations, the Motion to dismiss must be and hereby is denied. It is so ordered.