# McCLUNG *v.* PENNY.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 384.   Argued March 6, 1903.—Decided April 6, 1903.

It must appear that this court has jurisdiction of the case before it can inquire whether the territorial court has committed any error in its decision or in permitting the action to be maintained, and such jurisdiction does not exist if the value of that which is in controversy does not exceed $5000.

Where it appears that the matter in dispute is only the possession of certain public land for which a contested entry has been made and it is clear from the facts that such possession is worth much less than $5000, the judgment of the territorial court will not be reviewed.

The relinquishment of rights under a homestead or preëmption entry opens the land to entry by another; and a second entryman may, if there has been no contest, perfect a title, but if the records show that there has been a contest and the successful contestant relinquishes, a party subsequently entering the land is charged with notice of the equitable rights of the unsuccessful contestant which can be enforced whenever the title passes from the government.

THIS was an action of forcible entry and detainer, commenced by Penny, the defendant in error, in the Probate Court of Kay County, Oklahoma Territory, a court adjudged by the Supreme Court of the Territory to have jurisdiction in such actions by virtue of sec. 4805, art. 13, chap. 67, and sec. 1562, art. 15, chap. 18, Rev. Stat. 1893. A judgment for the plaintiff was affirmed by the Supreme Court of the Territory, 11 Oklahoma, 474, and thereupon the case was brought here on a writ of error. The testimony on the trial developed these facts: The parties contested in the Land Department the right to enter the tract in controversy as a homestead. The plaintiff's contention was sustained, and he was permitted to make entry. Having received the homestead certificate, he commenced this action.

*Mr. S. H. Harris* for plaintiff in error. *Mr. J. J. Darlington* was with him on the brief.

*Mr. A. G. C. Bierer* for defendant in error. *Mr. Frank Dale* and *Mr. C. W. Ransom* were with him on the brief.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

The defendant in error has filed a motion to dismiss the writ of error for want of jurisdiction, on the ground that the value of the matter in controversy does not exceed $5000, and in support thereof has filed the affidavits of himself and five

others that the reasonable rental value of the land is not more than $620 per annum. The plaintiff in error contends that the matter in dispute is in fact not the possession of the land but the ownership, and at the time the writ of error was allowed he filed the affidavits of four persons, one his counsel, who testified that the action involved both the possession and the ownership of the lands, that the matter in controversy exceeded in value the sum of $6000, that the value consisted in the right of possession and power to relinquish to the government the homestead entry; the others, who stated that the value of such relinquishment was $8000 or $8500. The record shows that in the answer was this averment : " That said land with the improvements of the defendant thereon is reasonably worth and the relinquishment thereof could be sold for the sum of $5000 ; that this defendant demands the right to remain in possession of said land by virtue of her vested interest therein, and as against the claims of said plaintiff under his void and unlawful homestead entry, in order to protect the limited title which defendant has acquired in said land, and to acquire a perfect legal title therein, under and by virtue of the laws of the United States ; " and also that on the trial she testified that the value of the land was $5000. In her answer she set up facts which she insisted showed that she had an equitable right to the land, and averred that she intended as soon as the patent was issued to the plaintiff to begin an action in the proper court to have the same declared a title in trust for her benefit, and asserted that by reason thereof an action of forcible entry and detainer could not be maintained against her. The Supreme Court of the Territory, in affirming the judgment, held that the matter in controversy was simply the right of possession. It closed its opinion in these words :

" This court in the case of *Kirtley* v. *Dykes,* 10 Oklahoma, 18, says : ' When the matter was finally decided by the Land Department, and a judgment rendered in favor of the plaintiff, her right to the possession of the premises was completed.' *Armour Packing Co.* v. *Howe,* 64 Pac. Rep. 43 ; *Wideman* v. *Taylor,* 65 Pac. Rep. 615. The entire theory of this action is that it is purely possessory. That it deals with the possessory rights

and not the ultimate rights of the parties. Questions other than the immediate rights of the parties cannot be litigated in such action. If the party desires to have an adjudication on her right to a resulting trust in the land, she must resort to another forum, and another form of action."

Affidavits on the motion to dismiss show the value of possession to be not more than $640 per annum. Her own allegation in the answer is that the land and the relinquishment thereof were reasonably worth $5000. Her testimony on the trial, and there was none other, was that the land was worth $5000. Affidavits of witnesses assert that the ownership was in controversy and that the value of that ownership with the right of relinquishment was in excess of $5000.

Upon these facts we think the motion to dismiss should be sustained. The matter in dispute being only the possession, clearly the value of that possession was but a few hundred dollars. Even if the title had been in controversy, the record up to the time of the decision of the Supreme Court showed that there was not exceeding $5000 in controversy. The Supreme Court held that the matter in dispute was only the right of possession, and that right of possession was all that it decided. If the question of title was involved an action of forcible entry and detainer could not have been maintained, and the Probate Court had no jurisdiction of an action of ejectment. But before we can inquire whether the Supreme Court committed any error in its decision it must appear that we have jurisdiction of the case. Now whether the Supreme Court erred in permitting this forcible entry action to be maintained involves an inquiry whether it erred in permitting an action to be maintained in respect to something whose value is less than $5000. If that which alone could be in contest in the action and which alone was determined by the judgment is of a value less than $5000, then it is beyond our jurisdiction to inquire whether the court erred in permitting the action to be maintained.

Further, neither of the four witnesses whose affidavits were filed to secure the writ of error testified directly to the value of the land, and while they said that the value of the relinquishment was from $6000 to $8500, yet clearly the value of a re-

linquishment cannot be greater than that of the land itself. But what is the relinquishment to which these witnesses refer? When one has made a homestead or preëmption entry he may file in the land office a relinquishment of all rights obtained thereby, and if he does so the land becomes open to entry by another. If there has been no contest and the land records are free from any other claim than that which is relinquished, the second entryman may perfect a title. But if the records of the land office show that there has been a contest, and the successful contestant makes a relinquishment, a third party entering the land is charged with notice of the equitable rights of the unsuccessful contestant; and if, as a matter of law, those rights are entitled to protection, they can be enforced whenever the legal title has passed from the government. In other words, the relinquishment operates only against the party making the relinquishment and does not destroy any adverse rights of which there is in the land office an existing record. The plaintiff, although possession be obtained by him through this forcible entry and detainer action, cannot, by thereafter relinquishing his entry, and permitting some one else to make an entry, destroy the equitable rights, if any, which defendant possesses. Hence, as a relinquishment will not deprive the defendant of her equitable rights, and simply substitutes one party for another in any legal proceedings which she may hereafter institute to assert those rights, it is clear that it cannot have any such value as is ascribed to it in these affidavits.

The writ of error is

*Dismissed.*