### COLORADO LIFE CO. v. STEELE.
#### No. 10995.

Circuit Court of Appeals, Eighth Circuit.
March 30, 1938.

W. V. Tompkins, Charles H. Tompkins, and D. L. McRae, Jr., all of Prescott, Ark., for appellant.

W. F. Denman, of Prescott, Ark., and William J. Kirby, of Little Rock, Ark., for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This is an action upon the disability clauses of a life insurance contract. From a judgment against it, the insurance company appeals.

This petition does not state a cause within federal jurisdiction and should, therefore, be reversed on that ground, with directions to remand the case to the state court from which it was removed. It is the duty of this court to notice lack of federal jurisdiction, of its own motion. New York Life Ins. Co. v. Johnson, 8 Cir., 255 F. 958, 959.

The jurisdiction here is based solely upon diverse citizenship and requisite amount. Diversity of citizenship is sufficiently alleged and proven. The requisite amount is lacking. There is some confusion as to the exact amount in controversy, as stated in the petition. In one part of the petition, the amount is stated as $28,-800. In another place, as $18,569.89 plus statutory penalty and allowance of statutory attorney fees. Either of these amounts would far exceed the jurisdictional necessity. Usually, the amount claimed in a petition governs as to jurisdictional amount. This is, however, not universally true. One exception to the rule is where the face of the petition shows that there could not possibly be recovery of a sum equal to the jurisdictional amount—that is, if from the nature of the case as stated in the petition there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the petition at a sum larger than the jurisdictional amount. Smithers v. Smith, 204 U.S. 632, 642, 27 S.Ct. 297, 51 L.Ed. 656; McClung v. Penny, 189 U.S. 143, 146, 23 S.Ct. 589, 47 L.Ed. 751; North American Transportation & Trading Co. v. Morrison, 178 U.S. 262, 267, 20 S.Ct. 869, 44 L.Ed. 1061; Vance v. W. A. Vandercook Co., 170 U.S. 468, 472, 18 S.Ct. 645, 42 L.Ed. 1111; Barry v. Edmunds, 116 U.S. 550, 560, 6 S.Ct. 501, 29 L.Ed. 729; Shacker v. Hartford Fire Ins. Co., 93 U.S. 241, 242, 23 L. Ed. 862; Lee v. Watson, 1 Wall. 337, 339, 17 L.Ed. 557; New York Life Ins. Co. v. Johnson, 8 Cir., 255 F. 958, 959; Hampton Stave Co. v. Gardner, 8 Cir., 154 F. 805, 806. Therefore, while the prayer here is for an amount far above the jurisdictional requirement, this court must examine whether it is legally possible for plaintiff to recover a sum equal to the jurisdictional amount upon the cause of action alleged in the petition.

The petition alleges vitality of an insurance policy on the life of plaintiff which contains two set forth disability clauses under which the highest liability of the insurer would be monthly payments of $200; that the policy contained also a clause covering hospital expenses; that there had been hospital expenses incurred by plaintiff of $500; that disability under the $200 monthly clause began September 14, 1935; that the insurer paid the monthly installments for four months and then

refused to pay further installments or to pay the hopsital expenses; that the insurer committed a "breach of said contract" by refusing to pay further monthly installments and the hospital expense; that "by reason of the breach of said contract of insurance, plaintiff is entitled to recover of the defendant the sum of $28,800.00 based upon the life expectancy of the plaintiff." The prayer was for recovery of "$18,069.-89 by reason of the breach of said contract and their failure to pay the $200.00 monthly and the further sum of $500.00, as provided for in Section 5 known as 'Hospital Benefit or Graduate Nurse's Fees,' or a total sum of $18,569.89, for twelve per cent. (12%) damages as provided for by law, for a reasonable attorney's fee to be fixed by the court, and for all his costs."

■ It is doubtful whether this petition is intended to be for damages because of repudiation of the contract by the insurer amounting to a total breach or merely for damages covering the installments and other matters unpaid. Even if the petition be intended as the former, the petition shows neither a repudiation of the policy nor such a breach of its provisions as to make conditional and future benefits the measure of recovery. The facts pleaded show no renunciation or abandonment of the contract by the insurer. They show merely a refusal to continue payment after the four installments. "For breach short of repudiation or an intentional abandonment equivalent thereto, the damages under such a policy as this do not exceed the benefits in default at the commencement of the suit" (New York Life Ins. Co. v. Viglas, 297 U.S. 672, 678, 56 S.Ct. 615, 617, 80 L.Ed. 971). Therefore, the action must be regarded as one for the unpaid installments.

■ This suit commenced July 30, 1936. This was ten and one-half months after the disability is claimed to have begun. It is alleged that installments were paid for the first four months, leaving six and one-half months unpaid, amounting to $1,-300. This sum, plus $500 for hospital expenses and 12 per cent. statutory penalty (Crawford & Moses' Dig.Ark.1921, § 6155) amounts to $2,016. This includes all items recoverable except a "reasonable attorneys' fees for the prosecution and collection of said loss; * * * to be taxed by the court.". Crawford & Moses' Dig.Ark.1921, § 6155. To bring the entire recovery to the jurisdictional amount would require allowance of attorney fees in excess of $984. While the amount of such allowance of attorneys' fees is necessarily indefinite, yet it is limited to a "reasonable" amount. Therefore, it is pertinent to inquire whether an allowance in the above amount could possibly be legally made. The entire record on this appeal is forty printed pages. The narrative evidence (exclusive of the policy) is less than eight pages, covering the testimony of nine witnesses. The largest principal amount recoverable (outside of statutory penalty and attorneys' fees) is $1,800. The entire trial, including verdict, was completed in two days. Such being the situation, it is impossible to regard allowance in an amount of $984 as "reasonable."

Since the highest possible total recovery under the petition could not exceed $3,-000, the necessary jurisdictional amount was absent.

. On May 8, 1937 (three days before trial), plaintiff amended his petition.[1] This amendment cannot affect the jurisdiction of the federal court. That jurisdiction is determined by the petition as it was at the time of the removal from the state court. Ford, Bacon and Davis, Inc., v. Volentine, 5 Cir., 64 F.2d 800, 801; Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687, 689.

The petition, at the time of removal, showing on its face that the "matter in controversy" was less than $3,000, there

[1] This amendment is as follows:

"Now on this day comes the plaintiff after leave of court having been first had and obtained, files this, his amended complaint to the original complaint herein filed, but in no manner abandoning the original complaint, herein says:

That if the court should find the plaintiff is not ·entitled to recover the full sum herein sued for, based upon the life expectancy, by reason of the defendant's alleged breach of contract, of insurance herein, that then in that event, the plaintiff should have judgment against the defendant for the sum of Two Hundred Dollars per month from January, 1935, the date the defendant herein quit and refused to make full payments to the plaintiff herein covering his disabilities, amounting to the sum of —— and that said judgment be a continuing judgment for the sum of Two Hundred Dollars per month, as the same becomes due under terms of said policy and for all other proper order and relief in the premium."

was no federal jurisdiction possible, and the judgment must be reversed, with directions to set the judgment aside and to remand the case to the state court.