George T. GEORGE, Plaintiff,

v.

John L. LEWIS, Josephine Roche and Henry G. Schmidt, Individually, and as Trustees of The United Mine Workers of America Welfare and Retirement Fund, Defendants.

Civ. A. No. 7338.

United States District Court
D. Colorado.

April 6, 1962.

---

Carmel A. Garlutzo, Trinidad, Colo., for plaintiff.

Zarlengo, Zarlengo & Seavy, Anthony F. Zarlengo, Denver, Colo., and Val J. Mitch, Harold H. Bacon, Charles L. Widman, Washington, D. C., for defendants.

ARRAJ, Chief Judge.

Suit was initiated in the District Court of the State of Colorado, Las Animas County. The plaintiff seeks relief in the amount of $8,600.00 for accrued pension benefits and hospitalization coverage alleged to be due to him under the United Mine Workers of America Welfare and

Retirement Fund of 1950, a trust created in accordance with the National Bituminous Coal Wage Agreement of 1950 and authorized in the Labor Management Relations Act of 1947 (29 U.S.C.A. § 186(c)). Further relief is requested in the form of an Order directing that the defendants place the plaintiff on the pension rolls as a beneficiary.

Defendants removed the case to this Court. It appears from the petition for removal that Washington, D. C., is the situs of the trust. The grounds for removal rest upon diversity of citizenship, and the defendants allege that each is a citizen of a state other than Colorado. The petition for removal asserts that the amount in controversy exceeds $10,000.-00. The defendants have also filed a motion to dismiss for improper service of process, lack of jurisdiction over the subject matter, and improperly laid venue.

A motion to remand the case to the state court was filed in due course by the plaintiff, based primarily on the ground that the matter in controversy does not exceed $10,000.00 exclusive of costs and interest.

The pleadings disclose that the plaintiff attached and garnished funds, pursuant to Rules 102 and 103 of the Colorado Rules of Civil Procedure, in the possession of the Colorado Fuel & Iron Corporation, doing business in Pueblo, Colorado. By stipulation between counsel for plaintiff and garnishee, $9,500.00 of the funds owed by garnishee to defendants has been set aside for the satisfaction of any judgment in favor of plaintiff. Personal service of process on the defendants was not made within the State of Colorado; however, it appears that the defendants were personally served elsewhere.

■ Before an action may be removed to a United States District Court, it must be one which could have been brought therein originally; 28 U.S.C. § 1441(a). Therefore, when defendants petition for removal, they must show that the jurisdictional prerequisites, including the amount in controversy, are satisfied within the meaning of 28 U.S.C. § 1332. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Gaitor v. Peninsular & Occidental Steamship Company, 5 Cir., 1961, 287 F.2d 252; 1A Moore's Federal Practice Para. O.157(6). Section 1447(c) of Title 28 of the United States Code commands a Federal Court to remand a case which has been improvidently removed or where the court is without jurisdiction.

The defendants support their averment of the requisite jurisdictional amount by maintaining that future pension benefit payments predicated upon the plaintiff's life expectancy should be considered. First, the defendants assert that the plaintiff's request to be placed on the pension rolls is an indication that future payments thereunder are in controversy. Next, the defendants argue that before the plaintiff is entitled to recover anything, even the accrued benefits which admittedly do not meet the jurisdictional amount, he must be declared a beneficiary of the trust fund. From this point the defendants reason that such a ruling in favor of the plaintiff would make his status binding in subsequent litigation for future installments which will become due. The inference of this rationale is that the doctrines of res judicata and collateral estoppel will operate upon any judgment rendered in this suit, thereby increasing the value of the right which the plaintiff asserts to an amount which, when future benefit payments based upon the plaintiff's life expectancy are considered, will exceed the jurisdictional minimum.

■ The object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy. Hunt v. New York Cotton Exchange, 1907, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821; Bitterman v. Louisville and Nashville R.R. Co., 1907, 207 U.S. 205, 28 S.Ct. 91, 52 L.Ed. 171; Glenwood Light & Water Co. v. Mutual Light Co., 1915, 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174; Ronzio v. Denver & R. G. W. R. Co., 10 Cir., 1940, 116 F.2d

604; 30 A.L.R.2d 602. However, if it appears legally certain that the plaintiff has no reasonable expectation of recovery of an amount within the jurisdictional requirement, the case should be remanded. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Lion Bonding & Surety Co. v. Karatz, 1923, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Payne v. State Farm Mutual Automobile Insurance Co., 5 Cir., 1959, 266 F.2d 63; Odell v. Humble Oil & Refining, 10 Cir., 1953, 201 F.2d 123; Wyoming Ry. Co. v. Herrington, 10 Cir., 1947, 163 F.2d 1004; Colorado Life Co. v. Steele, 8 Cir., 1938, 95 F.2d 535; 1A Moore's Federal Practice Para. O.157(6).

Service of process was made upon the defendants in Washington, D. C., by a United States Marshal. Under the doctrine laid down in Pennoyer v. Neff, 1877, 95 U.S. 714, 24 L.Ed. 565, personal jurisdiction is required before a binding personal judgment may be rendered. This concept still survives where nonresident individuals who are not engaged in transacting business in a state are not personally served therein; Ehrenzweig, Pennoyer Is Dead—Long Live Pennoyer, 30 R.M.L.R. 284, 292 (1958). Also, unless a state has provided a legislative basis for asserting its power over nonresident entities which engage in sufficient activities to justify the recognition of personal jurisdiction, a court within the state cannot render binding personal judgments where there has been no service of process based upon physical presence within the state. Restatement of Judgments, Sections 1–6.

It has not been shown that the service of process which was completed upon the defendants herein conformed with any statutory procedure prescribing the method for acquiring personal jurisdiction over nonresident trusts or trustees. Therefore, the state court does not appear to have in personam jurisdiction over these defendants. Since personal jurisdiction cannot be acquired on removal, it follows that none has been acquired in this case. General Invest-

ment Co. v. Lake Shore Ry., 1922, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 1922, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; Garden Homes, Inc. v. Mason, 1 Cir., 1956, 238 F.2d 651; 1A Moore's Federal Practice Para. O.157(3). Consequently, future benefit payments which would possibly result from placement of the plaintiff on the pension rolls of the trust should not be considered in determining the amount in controversy when it appears certain that such relief cannot be granted.

One recognized method used for satisfying most claims against nonresidents that cannot be personally served within the state is commonly referred to as in rem or quasi in rem jurisdiction acquired through attachment or garnishment of the defendant's property within the state. Restatement, Conflict of Laws, Section 107. A judgment which is rendered in such a case operates solely upon the *res* attached; Freeman v. Alderson, 119 U.S. 185, 7 S.Ct. 165, 30 L.Ed. 372; Goodrich, Conflict of Laws, Section 68. Colorado has recognized this concept by providing for service of process on owners of specific property without regard to residence or domicile; Colorado Rules of Civil Procedure, Rule 4(f) (3).

In general, if a nonresident defendant does not submit his person to the Court's jurisdiction, a judgment rendered in an action which is based upon quasi in rem jurisdiction is binding with regard to the specific property attached. However, it is not otherwise res judicata in any subsequent action, and collateral estoppel will not operate with respect to any issues raised in the adjudicated case. State-Court Jurisdiction, 73 Harv.L.Rev. 909, 949 (1960); Keck v. Vogt, 108 Colo. 382, 117 P.2d 1005 (1941). Hence, future pension benefits which may subsequently accrue will be unaffected by any judgment rendered in this case, and they should not be given consideration in determining the amount in controversy.

There has been some conflict among the cases dealing with special appearance as it is related to in personam jurisdic-

tion when quasi in rem actions are involved. Removal of an action in itself does not constitute a general appearance or a waiver of defects in service of process; 2 Moore's Federal Practice Para. 12.12; 81 A.L.R. 1219. However, when a defendant appears specially to defend on the merits with respect to his attached property, the cases are divided as to whether a binding personal judgment also may be rendered against such a defendant. A majority of states and older federal decisions allow special appearances to defend in actions against the *res*. 1A Barron & Holtzoff, Federal Practice and Procedure, Section 370.1; 2 Moore's Federal Practice Para. 12.13; 7 Moore's Federal Practice Para. 64.09 (4). While many recent federal cases no longer recognize a distinction between special and general appearances, thereby permitting binding in personam judgments to be awarded whenever a defense goes to the merits of the case, these decisions recognize that any defenses as to jurisdiction which are properly made will not be deemed waived. United States v. Balanovski, 2 Cir., 1956, 236 F.2d 298, cert. den. 352 U.S. 968, 77 S.Ct. 357, 1 L.Ed.2d 322, reh. den. 352 U.S. 1019, 77 S.Ct. 555, 1 L.Ed.2d 561; Nolan v. Jensen, D.C.E.D.Va.1959, 171 F.Supp. 351; Anderson v. Benson, D.C.Neb.1953, 117 F.Supp. 765.

The defendants herein have not defended on the merits, but, instead, they have appeared specially to attack this Court's jurisdiction. Since it is apparent that personal jurisdiction has not been acquired, either through adequate service of process or waiver thereof, no binding personal judgment may be awarded no matter which view of special appearance in quasi in rem actions might be adopted. Therefore, the general concepts surrounding quasi in rem judgments continue to apply in defeating any consideration of future pension benefits for purposes of determining the amount in controversy.

In support of their position defendants have cited Randall v. Becton-Dickinson Co., D.C.Mass.1927, 18 F.2d 631, and Gershowitz v. Lane Cotton Mills, D.C. N.D.Tex.1937, 21 F.Supp. 579, wherein it was held that the requisite amount in controversy was satisfied although the value of the property attached was insufficient and in personam jurisdiction had not been acquired. These decisions looked to the amount of the plaintiff's claim which in each instance exceeded the jurisdictional minimum. In Randall concern was expressed over the possibility that additional property might be attached, thereby providing a source from which the full amount of the asserted claim could be satisfied.

The instant case, however, differs from Randall and Gershowitz in that the only feasible claim here asserted ($8,600.00), as well as the amount of funds attached ($9,500.00), does not meet the jurisdictional requirement. In Colorado Life Co. v. Steele, 8 Cir., 1938, 95 F.2d 535, 536, it was said:

"Usually, the amount claimed in a petition governs as to jurisdictional amount. This is, however, not universally true. One exception to the rule is where the face of the petition shows that there could not possibly be recovery of a sum equal to the jurisdictional amount—that is, if from the nature of the case as stated in the petition there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the petition at a sum larger than the jurisdictional amount. Smithers v. Smith, 204 U.S. 632, 642, 27 S.Ct. 297, 51 L.Ed. 656; McClung v. Penny, 189 U.S. 143, 146, 23 S.Ct. 589, 47 L.Ed. 751; North American Transportation & Trading Co. v. Morrison, 178 U.S. 262, 267, 20 S.Ct. 869, 44 L.Ed. 1061; Vance v. W. A. Vandercook Co., 170 U.S. 468, 472, 18 S.Ct. 645, 42 L.Ed. 111; Barry v. Edmunds, 116 U.S. 550, 560, 6 S.Ct. 501, 29 L.Ed. 729; Schacker v. Hartford Fire Ins. Co., 93 U.S. 241, 242, 23 L.Ed. 862; Lee v. Watson, 1 Wall. 337, 339, 17 L.Ed. 557; New York Life Ins. Co.

v. Johnson, 8 Cir., 255 F. 958, 959; Hampton Stove Co. v. Gardner, 8 Cir., 154 F. 805, 806. Therefore, while the prayer here is for an amount far above the jurisdictional requirement, this court must examine whether it is legally possible for plaintiff to recover a sum equal to the jurisdictional amount upon the cause of action alleged in the petition."

When this reasoning is applied to the complaint in this case, it is apparent that the required jurisdictional amount in controversy has not been satisfied. It is therefore

ORDERED that the Motion to Remand the within action to the District Court of Las Animas County, Colorado, be and the same hereby is granted and the said action is remanded in its entirety to said court.