Lewis CANNON, Plaintiff,

v.

**UNITED INSURANCE COMPANY OF AMERICA, Defendant.**

Civ. A. No. 72–1493.

United States District Court,
D. South Carolina,
Greenville Division.

Jan. 10, 1973.

Eston W. Page, Laurens, S. C., for plaintiff.

Philip Wittenberg, Sumter, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

On November 30, 1972, the plaintiff, temporarily [1] removed to this court from the Family Court of Laurens County, South Carolina, served Notice of Motion to Remand the cause to the original State Court in which the Summons and Complaint were filed. The issue is jurisdictional amount under 28 U.S.C. § 1332.

A review of the record before this court shows the plaintiff to be a resident of South Carolina and the defendant to be an Illinois corporation. On November 6, 1972, the plaintiff served on the defendant, through the offices of the South Carolina Insurance

1. When the jurisdiction of this court was challenged, by the remand move, the issue of the jurisdiction of this court becomes a pending, undecided issue, and thus is temporary until the jurisdiction decision is published.

Commissioner [2]. The original complaint alleges [3] that the plaintiff has been damaged in the sum of $18,000.00 damages, actual and punitive. Before the time for answering had expired,[4] on November 22, 1972, defnedant, through counsel, filed his petition and bond, together with the costs for same, in the United States District Court for the District of South Carolina, Greenville Division. At the same time the defendant filed with the Clerk an original and one copy of the answer. On November 21, 1972, again before the time for answering had expired, the plaintiff, through counsel, placed in the mail a proposed amended complaint, reducing the ad damnum therein from $18,000 to $8,000.[5] Thereafter, on November 30, 1972, plaintiff's counsel filed the Motion to Remand, and, at the same time, filed, as an attachment to the Motion, the affidavit heretofore referred to. Counsel for defendants, on December 6, 1972, filed an affidavit in opposition to plaintiff's Motion to Remand, and enclosed as exhibits to that affidavit: the letter from defendant's counsel to the Clerk of Court for the United States District Court for the District of South Carolina, at Columbia, South Carolina; a certificate of the Clerk of the United States District Court to the effect that the petition and bond for removal, and copy of complaint and answer were filed on November 22, 1972; and a copy of a letter from defendant's counsel to the Clerk of Court for Laurens County, South Carolina, enclosing and filing a copy of the petition and bond for removal and a check for costs. Attached to defendant's supporting affidavit was a letter from counsel for defendant to counsel for plaintiff refusing to accept service on the Amended Complaint, and insisting that the matter had been removed to the United States District Court for the District of South Carolina. It is with this set of facts as a background that this court must determine whether this court has jurisdiction.[6]

■ It is obvious, from the above recitation, that the issue now to be decided arose before discovery had been

2. Section 10–425, S.C.Code, 1962 Anno. provides:

Service on insurance companies.—The summons and any other legal process in any action or proceeding against it shall be served on an insurance company as defined in § 37–2, including fraternal benefit associations, which shall have appointed the Chief Insurance Commissioner as its attorney pursuant to the provisions of § 37–105, only by delivering two copies thereof to the Commissioner as such attorney of such company and such service shall be deemed sufficient service upon such company. When legal process against any such company is served upon the Commissioner he shall forthwith forward by registered mail one of the duplicate copies prepaid directed to the company at its home office or, in the case of a fraternal benefit association, to its secretary or corresponding officer at the head office of the association.

3. In South Carolina the prayer of the complaint is not considered as a part of the complaint, or controlling, so that the amount of damages are required to be alleged in the body of the complaint.

4. Section 10–402, S.C.Code, 1962 Anno. requires the defendant to answer the Complaint within 20 days, 20 days would have expired on November 26, 1972.

5. The affidavit of counsel for plaintiff, not refuted by either the facts which appear on the record, or the affidavit of counsel for defendant, states, "that on November 21, 1972, he (plaintiff's counsel) placed in the mail to the attorney for defendant an amended complaint which was so filed with the said attorney prior to receipt of an answer to the original complaint pursuant to the rules of the court in which the action was originally filed; that defendant's attorneys have acknowledged having received the said Amended Complaint on November 22, 1972."

6. 28 U.S.C. § 1332(a) provides: Diversity of citizenship; amount in controversy; costs
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
(1) citizens of different States;
(2) citizens of a State, and foreign states or citizens or subjects thereof; and
(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

engaged in (and this court should not order extended discovery when jurisdiction is doubtful, for the obvious reason that the court might not have the authority to order or direct any further proceedings). The issue of jurisdiction is decisive insofar as further activity in this court is concerned.

■■ It is apparent that this case presents an anomaly in the fact that the defendant, seeking and claiming the jurisdiction of this court, will, if successful, be subject to claims and demands for damages in double the amount which the plaintiff, in his proposed Amended Complaint, now claims is due. But such fact does not simplify the issue here. McNutt v. General Motors Acceptance Corp. (1936), 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135, 1137, states essential requisites of jurisdiction to be: (1) in order to pitch its jurisdiction in the United States Courts, the plaintiff must properly allege the jurisdictional facts, according to the nature of the case; and, (2) where the jurisdictional issue is raised by either plaintiff or defendant, the burden of proving jurisdiction is on the party seeking to establish jurisdiction in the United States Courts. The reasoning of this opinion fully supports the comments on jurisdictional amounts as discussed in Volume 47, Number 2, New York University Law Review (May, 1972, edition) wherein it is pointed out that there is no constitutional limitation on federal jurisdiction, but that the Congress, fearful that federal courts would be overrun with insubstantial cases, limited the court's jurisdiction by imposing a minimum amount-in-controversy-requirement.[7] A few years after *McNutt*, in St. Paul Mercury Indemnity Co. v. Red Cab Co. (1938), 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, the Supreme Court of the

United States decided that the success or failure of the suit to yield coverage of $10,000.00 is not the test of jurisdiction, but that:

The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proof, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. (Id. at 288–289, 58 S.Ct. at 590, 82 L.Ed. at 848)

■ Unfortunately, in this case, we cannot wait for the proof, unless we place the parties at an expense not justified in the light of the amount involved. The court has some responsibility to avoid those expenses which effectively would prevent a litigant from having the tenacity, or the means, to have his day in court.

In Hilton v. Dickinson (1883), 108 U.S. 165, 174, 2 S.Ct. 424, 430, 27 L.Ed. 688, 691, the court held:

It is undoubtedly true that until it is in some way shown by the record that the sum demanded is not the

7. The excellent Law Review traces the history of the jurisdictional amount, originally set at $500.00 in 1789, and finally raised to $10,000.00 in 1970. After McNutt, and St. Paul Mercury Indemnity Co. v. Red Cab Co. (1938), 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, the Supreme Court of the United States decided

that the success or failure of the suit to yield coverage of $10,000, was not to be determined by a judgment by the trial court as to the merits and that it must appear to a legal certainty that the claim *is for less than the jurisdictional amount to justify dismissal.*

matter in dispute, that sum will govern in all questions of jurisdiction, but it is equally true that when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail.

The court is therefore constrained to hold that when the original complaint was filed in the Office of the Clerk of Court for Laurens County, the demand of the plaintiff for $18,000.00 controlled, but that sum would not necessarily control when and if it is apparent to a legal certainty that the plaintiff cannot recover, or is not entitled to recover, as much in damages as the jurisdictional requisite makes necessary to give this court jurisdiction. Nor should the court engage in extensive pretrial examinations on jurisdictional issues at the expense of depriving any party of his right to a trial on the merits in the federal court.[8]

Jurisdiction should never be dependent on the speculation of the trial court as to the final outcome, nor is a preliminary trial, to determine if jurisdictional amount exists, practical. It is equally obvious that jurisdiction could be frivolously created by sole dependence on what the plaintiff has demanded, thus clearly circumventing the congressional will as expressed in the diversity statute (supra). This court again relies on eminent authority: (Wright, Law of Federal Courts, 1970, § 33, Determination of the Amount in Controversy):

Even in the simpliest situations here discussed, the rules for measurement of the amount in controversy are complex. This is because of the two contradictory goals that the rules seek to achieve. The amount in controversy cannot be made dependent on the amount that plaintiff will ultimately recover. To do so would make jurisdiction turn on a guess by the trial court as to the final outcome, or would require preliminary trial on jurisdiction that would duplicate the regular trial on the merits, or would demand a wasteful jurisdictional dismissal, after the case has been fully heard on the merits, because a final award was less than the jurisdictional amount. All these considerations argue in favor of looking to the amount claimed, rather than the amount that will be recovered. At the same time, jurisdiction cannot be determined solely by what the plaintiff has asked for. To do so would destroy the jurisdictional amount requirement, and would permit the party to create jurisdiction by wholly frivolous claim. In short, the court should not entertain the suit if the claim for the jurisdictional amount is entirely without merit, but the court should not decide the merits of the case in making that determination.

In the case of George v. Lewis (D.C.Colo.1962), 204 F.Supp. 380, 382, Chief Judge Arraj wrote:

Before an action may be removed to a United States District Court, it must be one which could have been brought therein originally; 28 U.S.C. § 1441(a).[9]

The removal statutes were never intended or designed to enlarge Federal jurisdiction and it has generally been held that a case of doubtful jurisdiction should be processed, not by removal, but by remand. Ex parte Wisner (1906)

---

8. 47 N.Y.U.Law Review, 354, citing Wade v. Rogala (CCA 3 1959), 270 F.2d 280 and this court is conscious of the bounds of its authority to dismiss a case for lack of jurisdictional amount, Smithers v. Smith (1907), 204 U.S. 632, 27 S.Ct. 297, 51 L.Ed. 656.

9. 28 U.S.C. § 1441(a) provides: Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264; Cochran v. Montgomery County (1905), 199 U.S. 260, 26 S.Ct. 58, 50 L.Ed. 182; Wabash Western Ry. v. Brow (1896), 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431; Lantz v. Fretts (D.C.W.Va.1909), 173 F. 1007; Babb v. Paul Revere Life Ins. Co. (D.C.S.C.1952), 102 F.Supp. 247. Therefore, when defendants petition for removal, they must show that the jurisdictional prerequisites, including the amount in controversy, are satisfied within the meaning of 28 U.S.C. § 1332. McNutt v. General Motors Acceptance Corp., supra; Gaitor v. Peninsular & Occidental Steamship Co. (CCA 5 1961), 287 F.2d 252; 1A Moore's Federal Practice paragraph O. 157(6).

■ Section 1447(c)[10] Title 28 United States Code commands the Federal courts to remand a case which has been improvidently removed or where the court is without jurisdiction. It is the duty of the court, at all times and at any time during the pendency of the suit, to remand the case when it is manifest upon the affidavit or petition for removal that the case has been improperly removed into the federal court. Cameron v. Hodges (1888), 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132; Carter v. Seaboard Coast Line R.R. (D.S.C. 1970), 318 F.Supp. 368. And this action, when proper, should be employed by the court with or without motion. Girand v. Kimbell Milling Co. (CCA 5 1941), 116 F.2d 999; Wood v. Home Ins. Co. (D.C.Cal.1969) 305 F.Supp. 937; Davis v. Mutual of Omaha Ins. Co. (D. C.Mo.1968), 290 F.Supp. 217; George v. Lewis (D.C.Colo.1962), 204 F.Supp. 380; Yellow Cab Co. v. Price (D.C.Ill.1943), 50 F.Supp. 730.

■ The object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy. Hunt v. New York Cotton Exchange (1907), 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821; Bitterman v. Lewisville and Nashville Railroad (1907), 207 U.S. 205, 28 S.Ct. 91, 52 L. Ed. 171; Glenwood Light & Water Co. v. Mutual Light, Heat, & Power Co. (1915), 239 U.S. 121, 36 S.Ct. 30, 60 L. Ed. 174; Ronzio v. Denver & R. G. W. R. Co. (CCA 10 1940), 116 F.2d 604; Anno. 30 A.L.R.2d 602. However, if it appears legally certain that the plaintiff has no reasonable expectation of recovery of an amount within the jurisdictional requirement, the case should be remanded. St. Paul Mercury and Indemnity Co. v. Red Cab Co., supra; Lion and Surety Co. v. Karatz (1923), 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Payne v. State Farm Mutual Auto. Ins. Co. (CCA 5 1959), 266 F.2d 63; Odell v. Humble Oil Refining (CCA 10 1953), 201 F.2d 123; Wyoming Ry. Co. v. Herrington Co. (CCA 10 1947), 163 F.2d 1004; Colorado Life Co. v. Steele (CCA 8 1938), 95 F.2d 535.

■ In Colorado Life Company v. Steele (CCA 8 1938), 95 F.2d 535, 536, the court reasoned:

Usually, the amount claimed in a petition governs as to jurisdictional amount. This is, however, not universally true. One exception to the rule is where the face of the petition shows that there could not possibly be recovery of a sum equal to the jurisdictional amount—that is, if from the nature of the case as stated in the petition there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the damages be laid in the petition at a sum larger than the jurisdictional amount. (Citing Smithers v. Smith [204 U.S. 632, 27 S.Ct. 297, 51 L.Ed. 656], supra; McClung v. Penny, 189 U.S. 143, 146,

---

10. 28 U.S.C. § 1447(c) provides: Procedure after removal generally

(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

23 S.Ct. 589, 47 L.Ed. 751; North American Transportation & Trading Co. v. Morrison, 178 U.S. 262, 267, 20 S.Ct. 869, 44 L.Ed. 1061.)

While the prayer may be for an amount far above the jurisdictional requirement, the court must examine whether it is legally possible for plaintiff to recover a sum equal to the jurisdictional amount upon the cause of action in the petition. Hampton Stave Co. v. Gardner (8 Cir. 1907), 154 F. 805, 806. In Umbenhower v. Mutual of Omaha Insurance Co. (W. D.Missouri 1969), 298 F.Supp. 927, 928, Chief Judge Becker wrote:

> It is the duty of this Court in this instance to review jurisdiction on its own initiative and to dismiss the case where jurisdiction is lacking. Otherwise, the party invoking federal jurisdiction may contest it after judgment. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L. Ed. 702. Furthermore, the courts of appeals, after trial, as well as the trial courts may remand the case on their own initiative. Colorado Life Co. v. Steele (CCA 8 1938), 95 F.2d 535; *cf.* Ringsby Truck Lines v. Beardsley (CCA 8 1964), 331 F.2d 14.

■ This is justification for the general rule that the burden of proof as to jurisdictional diversity and amount is on the party who asserts federal jurisdiction. Hatridge v. Aetna Casualty & Surety Co. (CCA 8 1969),. 415 F.2d 809 (Circuit Judge Blackmun, who is now on the Supreme Court). Chief Judge Sobeloff, in McDonald v. Patton (4th Cir. 1957), 240 F.2d 424, 425, wrote:

> It is the firmly established general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction; and it is indisputably the law that if the ultimate recovery is for less than the amount claimed, this is immaterial on

the question of jurisdiction. * * * It has been further recognized that while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. Such is the doctrine laid down in St. Paul Mercury Indemnity Co. v. Red Cab Co. (citations omitted).

■ The confrontation is inevitable between the strict construction of Nelson v. Keffer, infra, of the applications of the diversity mandate (thus saving the courts from suits which "fritter away their time in the trial of petty controversies," [11]) and the opposite and more liberal view adopted by the Third Circuit in Wade v. Rogala (CCA 3 1959), 270 F.2d 280, 285, that if the ruling on the sufficiency of the amount in controversy cannot be decided without a ruling on the merits, the necessary choice is to permit the cause to proceed to trial. This latter rule seems to ease the burden on those seeking the jurisdiction of the court and weaken the protective bulwarks of what is known as "the limited jurisdiction of the Federal courts." This court prefers, and adopts the view in Nelson v. Keefer (CCA 3, 1971), 451 F.2d 289, and, using the phraseology of the law review previously noted [12], will attempt to "ferret out" flagrant cases by undertaking an examination of the entire pretrial record. The justification may be oversimplified: with the enormous and mushrooming caseload in the federal courts today (and South Carolina knows no exception to the deluge), each judge knows that, as he reaches one decision and "puts it to bed" so to speak, there are "acres and acres waiting for the plow." The federal courts do not have time or place for cases of doubtful jurisdiction, especially in those instances where the original

11. From Nelson v. Keefer (CCA3), 451 F.2d 289, 293, quoting U.S.Code Cong. and Admin.News, Senate Rep.No.1830, 85th Cong., 2d Sess., p. 3101 (1958).

12. See footnote 7 supra.

movant indicates a continuing desire to try his case in a state court.

This court has neither the temerity nor the authority to define what the ethereal "good faith" of plaintiff is or may be. Every good trial lawyer knows that plaintiffs *usually* overstate their claims and demands in the complaint;[13] to protect his client counsel must reckon with the bargaining practices of claim agents and defense counsel skilled in the art, not to mention the judge who, at pre-trial, or at various stages of a trial feels compelled by duty to explore settlement. This practicality needs no citation of authority except the Voice of Experience. That Voice also tells the court that will listen that except for disposition by settlement the dockets would never be cleared.

Turning to the salient facts of the litigation under scrutiny, one finds a complaint alleging (Paragraph 2 of the Complaint) that plaintiff claims to have purchased two weekly sick-benefit policies of defendant; policy No. 308233 purchased in 1947 provides for a weekly benefit of $6.00, and policy No. 505056 purchased in 1952 provides for a weekly benefit of $9.00. The number of weeks payable in any given 12-month period is 10 weeks. Plaintiff has allegedly been disabled since March of 1956, and Paragraph Seven correctly totals the amount due over the last six years, but incorrectly calculates:

> That the plaintiff has furnished the defendant numerous statements signed by a duly licensed and practicing medical doctor adequately and completely showing the plaintiff to be disabled to the extent contemplated by the terms of said policies, yet the defendant has refused and still refuses to pay the weekly benefits due under said contract for the past six years, a total of $15.00 per twelve months, or $900.00.

Thus, it appears that only $900.00 is due, 10 weeks at $15.00 per week for six 12-month periods.

On the other hand, the answer, while denying liability under the policies, alleges in Paragraph Six, "that further in connection therewith, if there is any liability for any period of time, it is for a maximum of three years, or Four Hundred Fifty ($450.00) Dollars.

It must be said in plaintiff's favor that plaintiff claims fraud in the breach of the contract, a breach which may be simply catalogued as a refusal to pay, not at all uncommon in the insurance field. A careful examination of the complaint does not justify in this court a finding that fraud has been alleged, although there is inference that, if defendant breached its contract by refusal to pay, the breach was accompanied by aggravations. Such is not fraud [14], but may be considered as part of the cost or damage accompanying the breach. Conceding that such aggravations are true for the purpose of this consideration, this court finds nothing to portray, or to predict that such aggravations could cost more than the weekly benefits claimed, to wit, another Nine Hundred ($900.00) Dollars.

Plaintiff initially asked for punitive damages, and this court avoids a decision whether just cause for punitive damages might arise from testimony elicited at the trial (there is nothing in the record to indicate, at this time, that such would be justified) as this could evoke a misinterpretation that this trial court premised its ruling by a decision on the merits. The problem is approached as if punitive damages would be justified.

There is no formula for assessment of punitive damages under the laws of South Carolina. This court must, however, realistically assess the specials.[15]

13. It is said that some judges who have not been trial lawyers know this.

14. See Parks v. New York Times (CCA 5 1962), 308 F.2d 474, cert. denied 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969.

15. Usually out-of-pocket expenses, wages or monies lost, and other claimed fixed losses.

The obvious commands the conclusion that the *compensatory loss*, the actual damages suffered, are not large, at most Eighteen Hundred ($1800.00) Dollars. If plaintiff were awarded the entire Eighteen Hundred ($1800.00) Dollars as actual damages, nothing so far forecast, or revealed by counsel in colloquy with the court when the Motion to Remand was heard, would justify such an award of punitive damages in an amount sufficient to raise the amount in controversy to the $10,000 floor minimum provided by statute. The value of this case is simply insufficient to warrant federal jurisdiction.

As was stated in Swan Island Club v. Ansell, 51 F.2d 337, 339 (4th Cir. 1931):

> It has been uniformly held by the federal courts that the test of jurisdiction * * * is the value of the object to be gained by the suit * * *. Of course, the mere allegation of the plaintiff that the amount in controversy exceeds (the jurisdictional amount) * * * will not suffice where it is apparent from the plaintiff's own statement of the case, or from the proof, that by no legal possibility can the plaintiff's claim amount to so much.

 Plaintiff's attempt to amend his complaint to lessen the sum claimed to $8000 instead of $18,000 need not be treated here. It is well settled that once removal is accomplished reducing the amount in controversy does not affect the jurisdiction.[16] St. Paul Mer. Indem. Co. v. Red Cab Co., supra. This court is at a loss to understand how either *party* can claim the *value* of this case is above the statutory minimum.

 Simply stated, this case is not worth $10,000.00. In more formal language the value of the case is less than the statutory minimum floor. Plaintiff has no burden to prove lack of jurisdiction in this court as he does not

seek this forum. Defendant, on the other hand, seeks the jurisdiction of the forum and has the burden of sustaining the jurisdiction; this he has failed to do. The case is proper for the Family Court of Laurens County, South Carolina, from whence it came, and improper for consideration in the United States Courts.

The Motion to Remand is granted.

And it is so ordered.

---

16. This court has the hope that some court of appellate authority will change this rule. If the diversity case is not worth $10,000.00, it improperly consumes the court's time.