**James H. DAVIS, Plaintiff,**

v.

**Roy LICARI and Donald C. Brown, Defendants.**

**Civ. A. No. 76–1433.**

United States District Court, District of Columbia.

June 10, 1977.

---

24

Eugene Fitzpatrick, Washington, D. C., for plaintiff.

Joel D. Joseph, Washington, D. C., for defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

This action arises from an altercation between the parties concerning plaintiff's smoking in a downtown Washington, D. C. office building. Plaintiff James H. Davis and the defendants, Roy Licari and Donald C. Brown, apparently all work in an office building located at 613 G Street, N.W.[1] and apparently have during the course of their employments occasionally shared an elevator in that building.

On April 2, 1976, plaintiff alleges, he boarded this elevator together with several other passengers, including both defendants. It appears that there then ensued a heated discussion among the three, in which the defendants strenuously objected to plaintiff's unlawful smoking within a place of such confinement.[2] When the elevator reached plaintiff's destination, and after all

---

1. Apart from their other differences, the parties also disagree as to the proper address of the office building in question. Defendants refer to it as located at 614 H Street, N.W.

2. It appears that smoking within a public elevator violates Section 2.2(d)(2) of the D.C. Rules and Regulations.

other passengers had departed, the defendants apparently decided to force the issue. Plaintiff charges that he was effectively "restrained" by them from leaving the elevator[3] until a building security guard was summoned and a formal complaint was filed.[4] There is no evidence of any physical contact between the parties at any time during this relatively minor, but obviously emotion-charged, episode.

Plaintiff brought this action in the Superior Court of the District of Columbia seeking to recover a total of $800,000 on the theories of assault, false imprisonment, false arrest, and malicious prosecution.[5] On petition of the defendants, the case was removed to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441(a). Thereafter, the defendants moved to dismiss plaintiff's complaint for failure to state a claim and also brought a counterclaim of their own,[6] which plaintiff has, in turn, moved to dismiss on similar grounds.

At a hearing held on May 19, the Court expressed doubts concerning its jurisdiction over this matter, there being in the Court's view absolutely nothing on the face of plaintiff's complaint which could conceivably support a recovery in excess of ten thousand dollars, the requisite jurisdictional amount under 28 U.S.C. § 1332. In response to the Court's expression of concern, plaintiff's counsel indicated that he would not seek to justify plaintiff's claim for an amount in excess of ten thousand dollars and would not oppose a remand of the case back to Superior Court. The defendants' counsel voiced his opposition to a remand and has argued, in effect, that the Court should look no further than at the amount claimed in plaintiff's complaint in order to determine its jurisdiction here. *See, e. g., Albright v. R. J. Reynolds Tobacco Co.,* 531 F.2d 132 (3d Cir.), *cert. denied,* 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976); *Jones v. Landry,* 387 F.2d 102 (5th Cir. 1967); *Deutsch v. Hewes St. Realty Corp.,* 359 F.2d 96 (2d Cir. 1966). He insists that "since Plaintiff alleged $800,000 in damages the amount in controversy is assured for jurisdictional purposes."[7] For this reason, defendants' counsel suggests that remand would be inappropriate.

The Court disagrees. It is beyond any question that this Court has an obligation to examine carefully its jurisdiction and to correct jurisdictional defects on its own motion where necessary. *See, e. g., Mansfield, C. & L.M. Ry. v. Swan,* 111 U.S. 379, 384, 4 S.Ct. 510, 28 L.Ed. 462 (1884); *United States v. Southern Pacific Transp. Co.,* 543 F.2d 676, 682 (9th Cir. 1976); *Colorado Life Co. v. Steele,* 95 F.2d 535, 536 (8th Cir. 1938); *Umbenhower v. Mutual of Oma-*

---

**3.** Plaintiff alleges that the defendants "communicated an offer of bodily injury" to him and "seemed to possess the apparent present ability to inflict" same. Complaint, ¶ 5.

**4.** After the defendants requested of several onlookers that the building guard and/or police be summoned, a security guard arrived on the scene. Apparently, the guard was able to disarm the situation by suggesting that all three parties accompany him to a guard's station on the first floor of the building. The parties did so, despite the defendants' alleged demands that the Metropolitan Police be summoned, and the confrontation was concluded. Sometime later, the defendants filed a formal complaint with the D. C. Corporation Counsel's Office which resulted in an informal hearing at which the matter was dropped.

**5.** Plaintiff's complaint seeks $50,000 in compensatory damages and $150,000 in punitive damages on each of the four specified counts.

**6.** The defendants have counterclaimed for assault and battery (in connection with their "involuntary ingestion of sidestream cigarette smoke"), negligence, nuisance, abuse of process, and even invasion of privacy (on the theory that plaintiff "caused harmful substances to enter their skin, mouth, throat, lungs and other parts of their bodies"). The counterclaim names as "joint tortfeasors" the following two persons: Horace Stillman, Chief of the Elevator Section of the D. C. Building and Zoning Regulation Commission, and Charles Madigan, an elevator inspector who defendants charge with responsibility for inspecting the elevator in question. They contend that these persons negligently failed to post a "no smoking" sign in that elevator and therefore should be held liable on the counterclaim.

**7.** Defendants' Memorandum on Jurisdiction at 2.

ha Ins. Co., 298 F.Supp. 927, 928 (W.D.Mo. 1969). In the Court's view, it is obliged to examine the amount claimed by plaintiff according to the "good faith/legal certainty" standards laid down by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938), and to consider carefully whether this claim for unliquidated damages could ever result in a recovery in the requisite jurisdictional amount. *See Nelson v. Keefer*, 451 F.2d 289, 292–98 (3d Cir. 1971); *Burns v. Anderson*, 502 F.2d 970, 972 (5th Cir. 1974); *Fidelity & Casualty Co. v. First National Bank*, 397 F.Supp. 587, 591 (D.N.J.1975), *appeal dismissed*, 538 F.2d 319 (3d Cir. 1976); Wright, *Law of Federal Courts*, § 33, at 129 & n.20 (3d ed. 1976); *cf. Sanders v. Hiser*, 479 F.2d 71, 75 (8th Cir. 1973); *Starks v. Louisville & N. R. Co.*, 468 F.2d 896, 897 (5th Cir. 1972).

■ Viewed under this standard of careful scrutiny, plaintiff's claims cannot support the jurisdiction of this Court. He does not seek compensation for any specific injury to his person or to his property. Rather, he seeks compensation only for certain highly intangible items which fall within the realm of "emotional injuries."[8] The Court finds to a legal certainty that such claims, particularly when considered in their undisputed factual context, would at most support only a nominal recovery far less than the requisite jurisdictional amount; any larger verdict would be excessive. *See Burns v. Anderson*, 502 F.2d 970, 972 (5th Cir. 1974); *Long v. District of Columbia*, 152 U.S.App.D.C. 187, 469 F.2d 927, 933 (1972). Consequently, this action must be remanded to the Superior Court of the District of Columbia. *Crenshaw v. Great Central Ins. Co.*, 482 F.2d 1255, 1258–60 (8th Cir. 1973); *Colorado Life Co. v. Steele*, 95 F.2d 535, 536–38 (8th Cir. 1938); *Hayes Bros. Flooring Co. v. Kenworth Mo-*

tor Truck Co., 355 F.Supp. 1099, 1100–01 (E.D.Ark.1973); *Cannon v. United Ins. Co.*, 352 F.Supp. 1212, 1216–20 (D.S.C.1973).

It is therefore by the Court this 10th day of June, 1977,

ORDERED that this action be, and hereby is, remanded to the Superior Court of the District of Columbia for further proceedings.

---

8. Plaintiff's complaint alleges that he has suffered and continues to suffer "great pain and emotional damage; . . . mental anguish, humiliation, inconvenience, pain and suffering . . . ." Complaint, ¶ 20. His only conceivable "special" damages would involve any loss of income resulting from his attendance at an informal hearing at the D. C. Corporation Counsel's Office. In that latter connection, this Court feels compelled to observe, but does not decide, that plaintiff's malicious prosecution claim (in connection with which any loss of income damages would be appropriate) may well run afoul of a valid probable cause defense. *See, e. g., Morfessis v. Baum*, 108 U.S. App.D.C. 303, 281 F.2d 938, 940 (1960).