Adolfo DOLMETTA, Vittorio Coda and Giovanni Rubolli, as Liquidators of Banca Privata Italiana (in Compulsory Liquidation), Plaintiffs,

v.

INTERLAKES (CANADA) REALTY CORPORATION, a Delaware corporation, William E. Colesar, Daniel A. Porco and Mary Bosiack, Defendants.

Civ. A. No. 82–110.

United States District Court,
D. Delaware.

April 14, 1982.

Andrew B. Kirkpatrick, Jr., and Jack B. Blumenfeld of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Frank H. Wohl of Rosenman, Colin, Freund, Lewis & Cohen, New York City, of counsel, for plaintiffs.

Richard E. Poole, Donald J. Wolfe, Jr., and John E. James of Potter, Anderson & Corroon, Wilmington, Del., and Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., of counsel, for defendants.

MEMORANDUM OPINION

LATCHUM, Chief Judge.

This action was commenced by the plaintiffs[1] on February 16, 1982, in the Court of

---

1. The plaintiffs Adolfo Dolmetta, Vittorio Coda and Giovanni Rubolli are the duly appointed liquidators of Banca Privata Italiana ("BPI"), a banking institution in compulsory liquidation in Milan, Italy. BPI succeeded by merger in 1974 to all the rights, interests and assets of Banca

Chancery of the State of Delaware in and for New Castle County against Interlakes (Canada) Realty Corporation ("Interlakes"), a Delaware corporation, and three individuals, directors of Interlakes: William E. Colesar, Daniel A. Porco and Mary Bosiack. (Docket Item ["D.I."] 1, Ex. A, ¶ 2.) Thereafter, the action was removed to this Court by the defendants pursuant to 28 U.S.C. § 1441 claiming that federal jurisdiction over this action exists by virtue of diversity of citizenship under 28 U.S.C. § 1332 in that the matter in controversy exceeds $10,-000, exclusive of interest and costs, and is between citizens of different states. (D.I. 1, ¶ 2.) The removal petition further alleges that the individual defendants are residents of Florida, New York and Pennsylvania and that Interlakes is a Delaware corporation with its principal places of business in New York and Pennsylvania. (*Id.*).

The case is presently before the Court on plaintiffs' motion to remand. (D.I. 7.) For the reasons hereafter stated, the Court finds plaintiffs' motion is well-taken and the action will be remanded to the Delaware Court of Chancery.

Section 1441(b) of Title 28 U.S.C. provides in pertinent part that actions in which federal jurisdiction is predicated upon diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants recognize that defendant Interlakes, as a Delaware corporation, is a citizen of Delaware where this action was originally commenced. In this circumstance, this case is not removable on diversity grounds. *A. E. Staley Manufacturing Co. v. Fisback & Moore, Inc.,* 353 F.Supp. 578, 581 (E.D.Pa.1973); *Morrison v. Jack Richards Aircraft Co.,* 328 F.Supp. 580, 582 (W.D.Okl.1971); *Fine v. Philip Morris, Inc.,* 239 F.Supp. 361, 366–68 (S.D.N.Y. 1964). Indeed, defendants do not question this proposition, but rather argue that Interlakes is a mere "stakeholder" and a

"nominal party" in this action, and thus, its Delaware citizenship would not preclude removal relying upon *Salem Trust Company v. Manufacturer's Finance Co.,* 264 U.S. 182, 190, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924).

Of course, the Court recognizes the exception to the general rule set forth in the *Salem Trust* case that removal jurisdiction "cannot be defeated by joining formal or unnecessary parties," but that exception does not apply here.

The right of removal depends upon the case disclosed by the pleadings when the removal petition was filed. *Barney v. Latham,* 103 U.S. 205, 215, 26 L.Ed. 514 (1880). The facts alleged and the relief sought in the complaint with respect to Interlakes demonstrates that Interlakes is not a mere stakeholder or nominal party in this action. The complaint charges Interlakes as an active participant in a series of fraudulent transactions and seeks under Count I to impress a trust upon all its assets and in Count II to obtain a judgment of more than 6 million dollars in damages. Where a plaintiff seeks relief from a corporation and charges it as a participant in a conspiracy, the corporation is a "necessary" party to the action and is not simply a disinterested bystander. *See Japan Petroleum Co. v. Ashland Oil, Inc.,* 456 F.Supp. 831, 836 n.8 (D.Del.1978); *Unanue v. Caribbean Canneries, Inc.,* 323 F.Supp. 63, 66 (D.Del.1971).

Thus, based on the facts alleged and the relief sought by the complaint from Interlakes, the Court is convinced that Interlakes is a real party in interest to this action and that the *Salem Trust* exception is not applicable. Furthermore, even if the Court were to accept defendants' narrow and myopic reading of the complaint, the Court would still hold that the right to remove is doubtful, and whenever there is any doubt as to removal, the case should be remanded. *Cannon v. United Insurance Company of America,* 352 F.Supp. 1212, 1216 (D.S.C. 1973).

Union and Banca Privata Finanziaria, both banks organized under the laws of Italy.

(Docket Item ["D.I."] 1, Ex. A, ¶ 1.)

Finally, the defendants argue, in the alternative, that "even if plaintiffs' Count II damage allegations are deemed by the Court to lift the corporate defendant [Interlakes] above mere stakeholder status as a party to the alleged conspiracies, Section 1441(c) indicates that '... the entire case may be removed and the district court may determine the issues therein ...'" because Count I is a separate and independent claim seeking to impress a trust upon Interlakes' assets and Interlakes is a nominal party. The Court is unable to agree.

The Supreme Court in *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951), stated:

> [W]e conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).
>
> In making this determination we look to plaintiff's pleading, which controls.

The present complaint expressly alleges a single underlying wrong by all the named defendants, that is that the named defendants through a complex series of transactions have defrauded plaintiffs' predecessors of substantial sums of money. This is the thrust of the complaint and under *Finn* the two present counts cannot be considered independent claims under § 1441(c). Moreover, the fact that different types of relief are sought from the defendants in the two counts does not make those counts multiple causes of action. *Unanue v. Caribbean Canneries, Inc., supra* at 67.

Consequently, the Court concludes that this action must be remanded to the Court of Chancery and an order to that effect will be entered.