**GUIDRY v. J. RAY McDERMOTT CO., Inc., et al.**

**Civ. A. No. 2813.**

United States District Court
W. D. Louisiana, Opelousas Division.

March 3, 1950.

Joseph J. Piccione, Lafayette, La., for plaintiff.

James G. Dubuisson and Edward Dubuisson, Opelousas, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff, a citizen of Louisiana, sues his employer, J. Ray McDermott Company, Inc., and its insurer, Hartford Accident and Indemnity Company, under the Louisiana Workmen's Compensation Law, Act No. 20 of 1914, as amended, for compensation in the sum of $12,000, as for total and permanent disabilities alleged to have been caused by injuries received while working on an oil field derrick. The demand is for compensation at the rate of $30.00 per week for a total period of 400 weeks, and the extent and character of his alleged injuries are set forth in the following quoted portions of the complaint, to wit:

"XV

"That in the said accident plaintiff's left leg received a severe compound fracture when it was forcefully knocked against the steel scaffold and frame by the great force of the tackle pulling thereon with the heavy weight of the beam attached thereto; that plaintiff suffered a spiral fracture of the proximal end of the left fibula, severe contusions of his left foot and ankle and deep lacerations of the left gastrocnemious muscle.

"XVI

"That following said accident plaintiff was removed to Lee Memorial Hospital at Fort Meyers, Florida, and treated for approximately fifteen days by cleansing of the open wound and immobilization of the fracture in a long leg cast which remained in place for approximately eighteen days, when plaintiff was returned to his home in Lafayette, Louisiana, where another physician removed the leg cast and reapplied another leg cast for an additional period of four weeks; that during this period it was necessary for plaintiff to use crutches.

"XVII

"That upon the removal of the second cast the wound had healed leaving a scar approximately one and one half inches in length on plaintiff's left calf posteriorly three inches beneath the transverse popliteal crease; however, plaintiff was unable to bear weight on his forefoot and experienced severe pain in the region of the left gastrocnemious muscle when attempting to do so.

"XVIII

"That plaintiff was unable to perform any work whatsoever until on or about January 2, 1949, at which time plaintiff secured employment as a rig builder and has worked as such intermittently for approximately one hundred thirty-five (135) days during the period from January 2, 1949, to October 1, 1949, for various employers.

"XIX

"That during the entire time of performing his labors and duties as a rig builder during said employment during 1949 your petitioner because of the known condition of his leg, was favored with light duties by foremen on the crews whenever possible; that in spite of said favoring, plaintiff was only able to perform the labors and duties assigned to him with constant and continuous pain and discomfort in the region of the left gastrocnemious muscle (calf of the leg); that at all times when lifting weights or straining or pulling, or standing on his toes, as was often necessary during his said employment during 1949, your petitioner suffered continuous pain in the region of his left calf; that after two or three days of continuous employment and in spite of favoring his left leg, and working slowly, your petitioner suffered such fatigue and pain that he was only able to continue working by driving himself because of economic necessity.

"XX

"That since the said accident on October 3, 1948 and during his said intermittent employment during the year 1949, plaintiff has found it impossible to work more than three or four days continuously before being forced to rest; that prior to said injury plaintiff was able to work seven days a week for several weeks without rest and was strong and physically able to perform the most strenuous of the duties which are expected of a rig builder; that with few exceptions during his various employments during the year 1949 your petitioner was forced to rest for several days between every three or four days of continuous work; that because of the aforesaid injury your petitioner has been rendered unable to perform the functions and duties of a rig builder except with severe and continuous pain, discomfort and fatigue.

"XXI

"Your petitioner further shows as a result of the said accident that his left leg has been permanently injured and he is totally and permanently disabled from performing the physical and manual duties of his employment or any similar or comparable employment within the meaning and intent of the Louisiana Employer's Liability Law, Act 20 of 1914, as amended by the Legislature of the State of Louisiana."

Defendants have moved to dismiss on the ground that the amount in controversy, when the complaint is fairly construed under Louisiana law, is less than the minimum jurisdiction of this court.

The state statute provides for the payment of compensation on a weekly basis, and does not authorize the rendition of judgment in a lump sum, even if the injuries are found to be permanent. In the absence of a definite arrangement with the employer, they are payable weekly in appropriate installments according to the na-

62

ture of the injuries at rates fixed by law. The state statute further provides for the reopening of the matter at intervals of not less than six months for the purpose of a hearing on any alleged change in the condition of the employee which might increase or diminish the amount of compensation or warrant the discontinuance of compensation. In a similar case, this court, with the present writer as its organ, held that only the accrued installments of compensation, according to the basis of payment alleged in the complaint, could be said to be involved, because of the possible improvement or cure of the disabilities and the right to have the issue determined at intervals, as stated.

It does not appear necessary to discuss at length the jurisprudence on the subject, for this has been done by each of the judges of this court in the earlier cases of Mitchell v. Mutual Life Insurance Co. of New York, D. C., 31 F.Supp. 441, and Godfrey v. Brown Paper Mill Co., Inc., D. C., 52 F.Supp. 926, and Mutual Life Insurance Co. of New York v. Temple, D. C., 56 F. Supp. 737. See also 18 Tulane Law Review at page 655, and 165 A.L.R. at page 1073. Neither do we feel called upon to analyse the decisions from other states, for the reason that we are governed by the law of Louisiana as interpreted by its courts.

The plea to the jurisdiction should, therefore, be sustained.