**ANDERSON**

v.

**ST. PAUL MERCURY INDEMNITY CO.**

Civ. A. No. 3531.

United States District Court
W. D. Louisiana, Alexandria Division.

March 5, 1954.

J. Vance Thompson, Alexandria, for plaintiff.

Stafford & Pitts, Alexandria, for defendant.

HUNTER, District Judge.

Plaintiff, a citizen of Louisiana, alleges that he was injured and became permanently and totally disabled while doing hazardous work on a job near Colfax, Louisiana, for his employer, Graham & McGee. The defendant company, alleged to be the employer's compensation insurance carrier, is the only defendant. Plaintiff seeks recovery under the Louisiana Workmen's Compensation Law, LSA–R.S. 23:1021 et seq., for compensation in the amount of $12,000. The demand is for compensation at the rate of $30 per week for a total period of 400 weeks, together with $500 for medical and hospital expenses allegedly incurred by plaintiff as a result of injury.

The alleged injury occurred on or about the 26th day of January, 1951. Suit was filed in the state court on October 30, 1951. It was removed to the federal court, on the petition of the defendant, on the 13th day of November, 1951. The demand is that the $30 per week be due from January 26, 1951.

■ Several motions are before the court at this time. They include a motion to remand on the grounds that this court is without jurisdiction. We do not deem it necessary to discuss the jurisprudence on the subject of the jurisdictional amount requisite to federal jurisdiction over cases brought under the Louisiana Workmen's Compensation Act. This has been done by each of the other judges of this court in earlier cases. This court has held on numerous occasions, and uniformly so, that only accrued installments of compensation could be said to be involved.[1]

In this case the petition shows on its face that the highest possible total recovery (as of November 13, 1951—date of removal) could not exceed the jurisdictional amount of $3,000.

*Since the date of removal,* other installments have become due for which judgment could be given if plaintiff prevails. This would, it is true, cause the amount to exceed $3,000. Defendant contends that these installments, accruing after removal, should be considered by the court in determining whether or not the federal jurisdictional amount is involved.

This argument has the effect of saying that jurisdiction can be acquired in these cases by a lapse of time before a decision on the merits. I am not in accord.

■ The controlling facts and circumstances to support jurisdiction are those which exist at the time the suit is filed in this court *or* on the date it is removed from the state court to the federal court.[2] Such is the uniform jurisprudence in this district, in the fifth circuit, and in the United States.[3] A defendant cannot remove and subsequently acquire jurisdiction. To refuse to remand here would permit just that.

---

1. Guidry v. J. Ray McDermott, D.C.1950, 89 F.Supp. 60 and cases cited therein.

2. Title 28 U.S.C.A. § 1441(a).

3. Woodard v. Mutual Life Ins. Co. of New York, D.C., 59 F.Supp. 452; Ford, Bacon & Davis v. Volentine, 5 Cir., 1945, 64 F.2d 800; Colorado Life Co. v. Steele, 8 Cir., 1938, 95 F.2d 535; Cyc. Fed. Procedure, Vol. 1, p. 344, Sec. 143. See also, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. See also Southern Pacific Co. v. Haight, 9 Cir., 126 F.2d 900, certiorari denied 317 U.S. 676, 63 S.Ct. 154, 87 L. Ed. 542.

On the date of removal the amount involved was less than the federal jurisdictional amount of $3,000. It is therefore ordered that the above entitled and numbered cause be remanded to the Eighth Judicial District Court in and for the Parish of Grant, State of Louisiana.

