HARDY, Judge.
This is an action for workman’s compensation originally instituted against St. Paul Mercury Indemnity Company as insurer of plaintiff’s employer, the partnership firm of Graham & McGee, contractors of Beaumont, Texas. After trial there was judgment in favor of defendant rej ecting plaintiff’s demands, from which plaintiff has appealed.
On January 26, 1951, while employed as a mechanic by Graham & McGee, who were engaged in levee construction operations on a job, known as the “McNeely Set-back”, near Colfax in Grant Parish, Louisiana, plaintiff sustained an accidental injury which is alleged to have resulted in permanent and total disability. This suit was filed on October 30, 1951, in the Eighth Judicial District Court in and for Grant Parish, Louisiana, and on motion by counsel for defendant was removed to the United' States District Court, Alexandria Division, of the Western District of Louisiana, by which it was subsequently remanded to the State Court by order of the United States-District Judge, on March 10, 1954. 119 F. Supp. 222. On March 11th defendant filed *87 an exception of no right of action and an answer. The exception alleged that the only policy of insurance issued by this defendant to plaintiff’s employer restricted liability to the insured’s operations in the State of Texas and that defendant was not 'the insurer of plaintiff’s employer under the laws of the State of Louisiana.
Motions'for preliminary judgment in favor of plaintiff were filed, heard and denied, following which plaintiff filed an amended And supplemental petition praying that the 19th Louisiana Levee District Board be made-a party defendant and condemned by judgment in solido for compensation. The judgment as finally read and signed rejected 'plaintiff’s demands against both the defendant insurer and the defendant levee board, but examination of the district judge’s written reasons for- judgment fails to disclose the basis upon which the judgment in favor •■of the Levee Board was predicated. The record is completely devoid of any pleading -on the part of the Levee Board. The only reference to this defendant is found in brief •of counsel for plaintiff, who observed that a written plea of prescription was filed by the attorney for the Levee Board but that the said plea does not appear in the record •as made up. Although counsel for' plaintiff •devoted no argument with reference to the asserted liability of the defendant Levee Board, he does insist in brief that the said defendant “in effect and fact has no defense to this action”, and urges the reversal of •the judgment appealed from and the rendition of judgment against “all defendants”.
In the absence of any information in the record as to the defense asserted by the •defendant Levee Board, it is clear that we cannot, with justice, make any pronouncement as to the liability, vel non, of said defendant. We might assume that the plea ■of prescription filed by the defendant Levee Board was sustained and that such .■action served as the basis for the judgment rejecting plaintiff’s demands against such ■defendant, but in the absence of any pleading and of any minute entry in this respect .any action by this court would rest, purely .and simply, upon .such, an assumption.
Under the circumstances, we feel that no judgment on the appeal as presented, in the existing condition and state of the record, can be effected, and, accordingly, it is ordered that this cause be and it is hereby remanded to the Honorable the Eighth Judicial District Court in and for the Parish of Grant, Louisiana, for the purpose of supplementing the record by incorporating therein- such pleas as have" been filed and minute entries as should have been made with respect to the defendant Levee Board. For the sake of expediting disposition of this appeal it is provided that the omission to which reference has been - hereinabove made may be supplied by stipulation of counsel.
Following supplementing and correction of the record it is ordered that the same be returned to this court for disposition of the appeal.