**STRICKLAND TRANSPORTATION COMPANY, Inc.**

v.

**NAVAJO FREIGHT LINES, INC.**

Civ. A. No. 8447.

United States District Court
N. D. Texas,
Dallas Division.
Oct. 18, 1961.

Ralph W. Currie, Dallas, Tex., for plaintiff.

Frank Finn (of Thompson, Knight, Wright & Simmons), Dallas, Tex., for defendant.

ESTES, Chief Judge.

On October 1, 1959, plaintiff filed this suit in the District Court of Dallas County, Texas, seeking damages for breach of contract under which the plaintiff on February 8, 1956, leased to defendant a van type trailer for an agreed rental of $8 a day until the defendant returned to the plaintiff an equivalent trailer. The defendant, who was served in the state court action on October 2, 1959, filed its petition for removal in this court on April 15, 1960. Removal jurisdiction was predicated upon diversity and amount, pursuant to Section 1441 of Title 28 U.S.C. The plaintiff is a corporation incorporated under the laws of the State of Texas with its principal place of business in Dallas, Texas. The defendant is a corporation incorporated under the laws of the State of New Mexico with its principal place of business other than the State of Texas.

The case involves two problems in reference to removal: one, whether the jurisdictional amount is present, and second, whether the removal petition is timely.

■■ The plaintiff in its state court action sought damages for violation of the leasing agreement at the rate of $8 a day from February 8, 1956, through September 30, 1959, totaling $7,912. In addition to the $7,912, the plaintiff by its state court petition and *ad damnum* clause sought rental at the rate of $8 a day from date of filing suit up to the date of judgment. Interest was also claimed. Defendant removed the action on April 15, 1960, on the theory that the suit at the time filed did not involve the minimum jurisdictional amount and did not involve the requisite amount until removal. However, at the time of removal the accrued rentals since filing and the $7,912 previously accrued totaled less than $10,000. It would amount to more than $10,000 only if interest accruing on the rental could be added. Under 28 U.S.C. § 1332 (a) the amount in controversy is exclusive of interest and cost. See 1 Moore's Federal Practice ¶ 0.99(1) (2d ed. 1960). Thus under the defendant's theory the amount in controversy was not present when it removed the suit. Where the amount in controversy involves only accrued installments and these do not exceed the jurisdictional amount at the time of removal, the case is subject to remand, although installments coming due since removal augment the recoverable amount beyond the jurisdictional sum. See Rubel-Jones Agency, Inc. v. Jones, 165 F. Supp. 652 (W.D.Mo.1958); United Steelworkers, etc. v. International **Tel. & Tel.**

Corp., D.C., 133 F.Supp. 602, 605; Anderson v. St. Paul Mercury Indemnity, 119 F.Supp. 222, 223 (W.D.La.1954).

There is an additional reason why removal would not be proper in this case, even if the defendant had waited until the accrued rentals had exceeded the minimum jurisdictional amount of $10,000. This question is of particular significance since it has apparently not been discussed in any prior case. Under 28 U.S.C. § 1446(b) the time for removal is generally within 20 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading. The second paragraph of Section 1446(b) provides:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

This is the only exception from the initial 20 days as provided for removal of diversity actions. The instant case was not removed within the 20-day period from whence it was commenced. Although the suit when filed, was not removable because it then involved less than the jurisdictional minimum, the action still does not fall within the express exception provided by the second paragraph of Section 1446(b).

■ The Court is cognizant that because a remand order is not reviewable, particular care must be given so that the removing defendant is not aggrieved of a valuable right and left without a remedy. See Vann v. Jackson, 165 F.Supp. 377, 380–381 (E.D.N.C.1958). However, the nature of removal jurisdiction is entirely statutory; absent an express statutory grant there is no basis for removal. Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 280, 38 S.Ct. 237, 62 L.Ed. 713 (1918); Edwards v. E. I. Du Pont De Nemours & Co., 183 F.2d 165, 168 (5th Cir. 1950). Traditionally, removal statutes have been applied literally and construed narrowly. Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214.

■ ■ One of the purposes of the second paragraph of Section 1446(b) was to prevent a plaintiff from defeating the right of removal by initially alleging a claim below the jurisdictional minimum and then after 20 days amending that claim to the jurisdictional amount. Journal Pub. Co. v. General Cas. Co., 210 F.2d 202 (9th Cir. 1954). The paragraph would also apply to actions that could not be removed when originally filed because of the residence of parties whose existence defeated removal jurisdiction. For, when such parties are dismissed from the action and the suit now falls within federal jurisdiction, then removal may follow. The paragraph has also been held to apply when the defendant learned of the existence of diversity for the first time through the taking of a deposition. Gilardi v. Atchison, T. & S. F. Ry. Co., 189 F.Supp. 82, 84–85 (N.D.Ill.1960). None of the above situations is applicable to the present case. Generally speaking, the second paragraph of § 1446(b) becomes applicable upon a voluntary act of the plaintiff which thereby makes the action removable. See discusion in Putterman v. Daveler, 169 F.Supp. 125 (D. Del.1958).

■ Substantial changes were made in the procedure for removal by Congress in 1948. One of the principal factors of the revision of procedure was to reduce possible friction between state and federal courts by providing that removal petition would be filed in federal court instead of state court and also by providing a relatively short period of time for the removal. See Moore's Commentary on the Judicial Code, pp. 272–273 (1949). Moreover, Congress in 1958 increased the jurisdictional amount for diversity actions from more than $3,000 to more than $10,000, so that federal courts would not have "to fritter away their time in the trial of petty controversies." Sen.R.

1830, 85 Cong., 2d Sess. 4 (1958), U.S. Code Cong. & Adm.News 1958, p. 3101. To construe broadly the removal statute here would defeat the purpose of Congress in 1948, as well as the purpose of Congress in 1958.

■ Where an action in state court seeks recovery for a specific sum that is less than the jurisdictional minimum and involves a prayer for additional damages accruing up to the time of judgment, this court is of the opinion that the suit must be removed, if at all, within the 20 days from the time the action is filed (and the defendant is served) or subsequent removal will not be *timely*. The mere passage of time is not sufficient for the exception under the second paragraph of Section 1446(b) to become applicable. To hold otherwise would encourage a defendant to delay intentionally the progress of the state action so that removal might eventually be perfected.

The action is remanded.