**J.C. ZBRANEK, and Zbranek & Height, P.C.**

v.

**Fred HOFHEINZ, Richard London, Juanita D. Smith.**

**Civ. A. No. B–89–00836–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 13, 1989.

Richard D. Baker, Zbranek & Height, Liberty, Tex., for plaintiffs.

Bill Richey, Michael D. Matthews, Griffin & Matthews, Beaumont, Tex., Stephen D. Bain, Hofheinz & London, Houston, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

On September 18, 1989, defendants Hofheinz and London removed this case from the 253rd Judicial District Court, Liberty County, Texas, to this court. On October 6, 1989, the defendants filed an amended petition for removal, adding that defendant Smith also sought removal. On September 28, 1989, the plaintiffs filed a motion to remand. For the following reasons, that

motion is GRANTED, and this case RE-MANDED to the 253rd Judicial District Court.

## CHRONOLOGY

On July 18, 1989, the plaintiffs filed an action in state court, alleging various state law tort claims, including tortious interference with the plaintiffs' property, intentional harassment, wrongful filing of lis pendens against plaintiffs' property, and slander of title. The defendants Hofheinz and London were served July 20, 1989, and filed their answer in state court on July 27, 1989. They were joined in that answer by defendant Smith, although she apparently was not served until August 22, 1989. The defendants participated in extensive proceedings which followed in state court, including an injunction hearing on July 27, 1989; a hearing on special exceptions September 13, 1989; and the defendants filed a motion for summary judgment July 27, 1989, a motion to quash a subpoena for depositions on August 8, 1989, and filed an amended answer on August 8, 1989.

## THE LAW

■ The defendants filed their original state court answer on July 27, 1989. The defendants Hofheinz and London did not remove this case until September 18, 1989, and the defendant Smith did not join the petition for removal until October 6, 1989. The defendants only have thirty days from the time they receive notice of the claim to remove it. 28 U.S.C. § 1446(b). Calculating from the date of filing of the joint answer, the defendants obviously failed to remove within thirty days. In fact, at best the defendants waited fifty-three days to file their petition for removal, and in the

cases of defendant Smith, an additional eighteen days passed before she joined the petition for removal.[1] Because more than thirty days passed from the filing of the petition for removal, this court finds that removal was improvident, and remand is mandated. *See Royal v. State Farm Fire and Casualty Co.*, 685 F.2d 124 (5th Cir. 1982).

■ In addition, by actively invoking the state court's jurisdiction in seeking an injunction, summary judgment and an order requiring re-pleading by plaintiffs, defendants lost their right to remove. *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986).

■ The defendants argue that they were unable to determine the existence of a federal (and therefore removable) claim from the plaintiff's original complaint. According to the defendants, they realized the plaintiffs had a civil rights claim during the special exceptions hearing held September 13, 1989. They argue their thirty days to remove began September 13, and so their removal was timely. 28 U.S.C. § 1446(b) requires that where the claim stated by the initial pleading is not removable, removal must be filed within thirty days of receipt of the "amended pleading, motion, order or other paper ..." from which the removant could ascertain a federal claim existed. The defendants allege that at the September 13 special exceptions hearing, plaintiffs' counsel handed defendants' counsel a copy of an annotation from ALR Fed. dealing with civil rights actions. Apparently defendants believe this annotation qualifies as an "other paper" under 28 U.S.C. § 1446(b). The defendants have directed this court to no cases which support this

---

1. The court takes this opportunity to observe that the fact that defendant Smith was omitted from the original petition for removal is indicative of a larger problem the court believes is presented by the alignment of counsel in this case. Hofheinz and London were originally Ms. Smith's attorneys in a suit against J.C. Zbranek, and their actions in that suit form the basis for this claim. Hofheinz and London are now represented by the firm of Griffin and Matthews, and Ms. Smith, their co-defendant, is represented by the firm of Hofheinz and London. It is

entirely possible that the defenses of these co-defendants may conflict, and the fact that one defendant is represented by an attorney who has an obvious interest in the welfare of the other defendants alarms this court. Because the motion to remand is granted, this court takes no action on this question, but strongly suggests that the attorneys involved consider whether this alignment is appropriate and adequate to provide competent representation for defendant Smith, the only non-lawyer involved in these proceedings.

proposition.[2]

Faced with a similar question, Judge MacLaughlin of the District of Minnesota held that two United States Supreme Court decisions did not constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b). *Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294 (D.Minn. 1987). As Judge MacLaughlin pointed out, "every court which has faced the issue present in this case has construed the phrase 'or other paper' as referring solely to documents generated within the state court litigation itself." *Id.* at 1296. An ALR annotation, while a useful research tool, clearly cannot be construed as generated by the state court litigation. The defendants' removal cannot be timely on the basis of that paper.

■ Additionally, a federal court is bound to consider the stage of the state court litigation in ruling on a motion to remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The state court litigation here has advanced considerably. A special exceptions hearing has been held, and presumably the issues between the parties have been narrowed and clarified for trial. It would be a waste of judicial resources to now force all these parties into federal court, to repeat their already extensive motion practice. *See Boland v. Bank Sepah–Iran,* 614 F.Supp. 1166 (S.D.N.Y.1985).

■ Finally, it is the duty of the federal court reviewing a motion to remand to resolve all doubt in favor of the plaintiff. *Johansen,* 668 F.Supp. at 1295. The removal statutes must be strictly construed to protect the states from infringement by the federal government. *Powers v. South Central United Food and Commercial Workers Unions and Employees Health and Welfare Trust,* 719 F.2d 760 (5th Cir. 1983). Because the defendants did not file their motion timely, this court concludes that the motion was improvidently filed.

2. In fact, the defendants have cited no cases whatsoever, either in their Joint Response to Plaintiffs' Motion to Remand or in their Response to Plaintiffs' Response to Defendants' Response to Motion to Remand. This court

Accordingly, this case is REMANDED to the 253rd Judicial District Court, Liberty County, Texas.

finds it difficult to believe that no other court has ever ruled on a motion to remand, or that defendants' attorneys have been unable or unwilling to cite any case law purporting to justify their untenable stance in this court.