**J.C. ZBRANEK, and Zbranek & Height, P.C.**

v.

**Fred HOFHEINZ, Richard London, Juanita D. Smith.**

**Civ. A. No. B–89–00836–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 11, 1989.

Richard G. Baker, Zbranek & Height, Liberty, Tex., for plaintiffs.

Stephen D. Bain, Hofheinz & London, Houston, Tex., and Bill Richey and Michael

son and the community shall be supported by

D. Matthews, Griffin & Matthews, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

### PROCEDURAL HISTORY

On July 18, 1989, the plaintiffs filed an action in state court, alleging various state law tort claims, including tortious interference with the plaintiffs' property, intentional harassment, wrongful filing of lis pendens against plaintiffs' property, and slander of title. The defendants Hofheinz and London were served July 20, 1989, and filed their answer in state court on July 27, 1989. They were joined in that answer by defendant Smith, although she apparently was not served until August 22, 1989. The defendants participated in extensive proceedings which followed in state court, including an injunction hearing on July 27, 1989; a hearing on special exceptions September 13, 1989; and the defendants filed a motion for summary judgment July 27, 1989, a motion to quash a subpoena for depositions on August 8, 1989, and filed an amended answer on August 8, 1989.

On September 18, 1989, defendants Hofheinz and London removed this case from the 253rd Judicial District Court, Liberty County, Texas, to this court. On October 6, 1989, the defendants filed an amended petition for removal, adding that defendant Smith also sought removal. On September 28, 1989, the plaintiffs filed a motion to remand.

On November 13, 1989, 727 F.Supp. 324, this court entered a memorandum opinion along with the following order remanding:

### ORDER

Came on to be considered plaintiffs' motion to remand, and the court having considered the motions and responses, finds that the motion should be GRANTED;

clear and convincing evidence.

It is, therefore, ORDERED that this case is REMANDED to the 253rd Judicial District of Liberty County, Texas.

Despite the clear ruling of this court, defendant has now filed what is styled "Defendant's Motion for New Trial," in which defendants seek "a new trial and a rehearing on plaintiff's motion to remand."

In the prayer of the Motion for New Trial, defendants desire (1) a hearing on the motion for new trial; (2) that the motion be granted; (3) then a hearing be held on plaintiff's motion to remand; (4) that plaintiff's motion to remand be denied; and (5) for general or specific, legal or equitable relief.

This court has no jurisdiction to hear the Motion for New Trial to set aside the Motion to Remand, nor grant general relief. The United States Court of Appeal for the Fifth Circuit in *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166 (5th Cir.1986), has decided this issue:

The only vehicle for relief from a remand order is the writ of mandamus.

Any relief defendants seek should be directed to the United States Court of Appeals for the Fifth Circuit by writ of mandamus, since this court has no further jurisdiction of this case.