MEMORANDUM OPINION
MICHAEL, Senior District Judge.
Plaintiff is a medical doctor who purchased an individual policy of disability insurance from defendant. Plaintiff became disabled in 1994. He applied for benefits from defendant, which were approved. In December 1995, however, defendant determined that plaintiff was no longer disabled. Accordingly, defendant ceased making payments, the last of which was made in December 1995. At that time, plaintiff was eligible for $7500 a month in benefits.
In March 1996, plaintiff filed suit against defendant in the Circuit Court of the City of Charlottesville, Virginia. At the time that plaintiff filed his motion for judgment, his accrued damages were only $15,000. On August 6, 1996, defendant filed a removal petition in this court, alleging that the federal district court had jurisdiction because the amount in controversy had grown to more than $50,000. Plaintiff has now filed a motion to remand the case to state court pursuant to 28 U.S.C. § 1446(c), contending that (1) this court does not have original jurisdiction because the amount in controversy when the case was filed was less than $50,000, and (2) defendant’s petition for removal was untimely under 28 U.S.C. § 1446(b).
“Removal statutes are to be strictly construed against removal and in favor of remand.” Rollwitz v. Burlington Northern R.R., 507 F.Supp. 582, 584 n. 1 (D.C.Mont. 1981) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). Section 1446 permits removal from state court to federal court in two situations. In the first, removal is permitted
within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
28 U.S.C. § 1446(b). Nevertheless, the second paragraph of § 1446(b) provides that
[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id.

In the instant ease, defendant seeks to trigger the second paragraph of § 1446(b) by arguing that plaintiffs motion for judgment qualifies as an “other paper.” In Strickland Transportation Co. v. Navajo Freight Lines, Inc., 199 F.Supp. 108, 111 (N.D.Tex., 1961), a court confronted by a similar situation noted that
[wjhere an action in state court seeks recovery for a specific sum that is less than the jurisdictional minimum and involves a prayer for additional damages accruing up to the time of judgment, this court is of the opinion that the suit must be removed, if at all, within the 20 days from the time the action is filed (and the defendant is served) or subsequent removal will not be timely. The mere passage of time is not sufficient for the exception under the second paragraph of Section 1446(b) to become applicable.[1]
If plaintiff’s motion for judgment were considered to be an “other paper” so as to trigger the second prong of § 1446(b), the first paragraph of § 1446(b) would effectively be rendered irrelevant. Accordingly, defendant’s interpretation must be rejected. “Although the suit when filed was not removable because it then involved less than the jurisdictional minimum, the action still does not fall within the express exception provided by *1256 the second paragraph of Section 1446(b).” Id. at 110. As plaintiffs initial pleading, the motion for judgment cannot trigger the removal provisions found in the second paragraph of § 1446(b). Instead, motions for removal based on the initial pleading must be made within thirty days of receipt of the pleading by the defendant. Because defendant failed to file for removal within thirty days of receipt of the initial pleading, remand is appropriate.

. At the time Strickland was decided, the time period specified in § 1446(b) was 20 days.