**Joseph L. RODGERS, Jr., Plaintiff,**

**v.**

**NORTHWESTERN MUTUAL LIFE INSURANCE CO., Defendant.**

**Civil Action No. 96–00107–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Jan. 30, 1997.

**326**

Dexter Brock Green, Jones & Green, Charlottesville, VA, for Plaintiff.

Robert Craig Wood, Patricia Chupkovich Karppi, McGuire, Woods, Battle & Boothe, Charlottesville, VA, for Defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

For the second time in a three month period, plaintiff challenges the removal of this case from the state court and seeks to remand this case back from whence it came. In *Rodgers v. Northwestern Mutual Life Insurance Co.,* 939 F.Supp. 1254 (W.D.Va.1996) ("*Rodgers I*"), this court held that defendant could not rely on the plaintiff's initial motion for judgment in its effort to trigger the removal provisions contained in the second paragraph of 28 U.S.C. § 1446(b). Defendant has now removed this case to federal court on the basis of (1) an October 7, 1996 letter from plaintiff's counsel to defendant's counsel proposing a settlement and stating that the accrued damages as of the date of the letter totaled approximately $75,000; and (2) Defendant's First Request for Admissions to Plaintiff. Plaintiff contends that removal on these bases is improper and that remand is appropriate.

Under 28 U.S.C. § 1446(b),

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is *or has become removable.*

(emphasis added). Although this court can find no fault with its conclusion that removal in *Rodgers I* was improper because an original pleading cannot trigger the removal provisions contained in the second paragraph of § 1446(b), further consideration of § 1446(b) persuades this court that removal may be appropriate in a case where the damages accrue so as to exceed the minimum necessary to trigger federal court jurisdiction, so long as the party seeking removal complies with the requirements of § 1446(b).

When defendant initially attempted to remove the instant case to federal court in August 1996, this court quoted *Strickland Transportation Co. v. Navajo Freight Lines, Inc.,* 199 F.Supp. 108 (N.D.Tex.1961), for the proposition that

> [w]here an action in state court seeks recovery for a specific sum that is less than the jurisdictional minimum and involves a prayer for additional damages accruing up to the time of judgment, this court is of the opinion that the suit must be removed, if at all, within the 20 days from the time the action is filed (and the defendant is served) or subsequent removal will not be timely. The mere passage of time is not sufficient for the exception under the second paragraph of Section 1446(b) to become applicable.

*See Rodgers I,* 939 F.Supp. at 1255 (quoting *Strickland,* 199 F.Supp. at 111). The court in *Strickland* so concluded, and this court agrees, that "[t]o hold otherwise would encourage a defendant to delay intentionally the progress of the state action so that removal might eventually be perfected." *Strickland,* 199 F.Supp. at 111. That notwithstanding, nowhere does § 1446(b) state that a defendant may not remove a case to federal court if it "has become removable" because the jurisdictional limit has been exceeded during the course of litigation. Instead, the cases are clear that "[t]he controlling facts and circumstances to support jurisdiction are those which exist at the time the suit is filed in this court *or* on the date it is removed from the state court to the federal court." *Anderson v. St. Paul*

*Mercury Indem. Co.,* 119 F.Supp. 222, 223 (W.D.La.1954).[1] Although an unscrupulous defendant might attempt to delay the state proceedings so as to remove the case to federal court once the jurisdictional minimum has been achieved, this court cannot contort the plain language of the statute to prevent such abuses.[2] Though this court may wish to limit the removal of cases from state courts in instances such as this, Congress has nonetheless spoken and its language must be respected.[3]

Plaintiff argues that a ruling in favor of defendant will conflict with the decisions in *Beaman v. Pacific Mutual Life Insurance Co.,* 369 F.2d 653 (4th Cir.1966), and *Carroll v. Mutual of Omaha Insurance Co.,* 354 F.Supp. 1260 (W.D.Va.1973), which plaintiff believes hold that the jurisdictional amount in controversy is determined as of the date the suit is filed. In *Beaman,* the Fourth Circuit held that "[t]he decided cases ... are clear that in a suit like the case at bar, the measure of recovery and, hence, the amount in controversy, is only the aggregate value of past benefits allegedly wrongly withheld." *Beaman,* 369 F.2d at 655. Although the aggregate value of benefits allegedly wrongly withheld in the instant case were less than the jurisdictional minimum at the time the case was filed, the aggregate value subsequently has increased to exceed the jurisdictional minimum. Plaintiff's reliance on *Beaman* and *Carroll* is misplaced in that those cases were instances where the plaintiffs sought to meet the jurisdictional minimum based on future payments that had not yet accrued rather than on "the aggregate value of past benefits wrongly withheld." In the instant case, plaintiff's claim for past benefits now clearly exceeds the jurisdictional minimum, so that removal is appropriate if permitted by § 1446(b).

■ Although this court concludes that removal is possible if the aggregate value of a plaintiff's claim increases to the appropriate amount during the course of the litigation, defendant still must comply with the requirements of § 1446(b). Initially, the court notes in passing that the settlement letter at issue in the instant case satisfies the requirement that the paper be the product of a voluntary act on the part of the plaintiff. *See Potter v. Carvel Stores of New York, Inc.,* 203 F.Supp. 462, 467 (D.Md.1962), (noting that "[t]he authorities are uniform that ... the 'amended pleading, motion, order or other paper' must emanate from either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity"), *aff'd,* 314 F.2d 45 (4th Cir.1963). An offer of compromise clearly is an exercise of discretion on the part of a plaintiff made in an attempt to effect a settlement of his claim, and thus is a voluntary act on the part of a plaintiff. Nevertheless, notwithstanding the voluntary nature of the settlement letter, two issues remain before the court: Has defendant presented a document that satisfies the requirement of an "other paper" and does defendant's actual knowledge that the jurisdictional limit had been exceeded prior to receipt of the document bar invocation of § 1446(b)?

■ As to the first question, in light of the Fourth Circuit's decision in *Yarnevic v. Brink's, Inc.,* 102 F.3d 753 (4th Cir.1996), this court has little hesitation in finding that the plaintiff's offer of settlement constitutes an "other paper" within the meaning of § 1446(b). Although other courts have required that the document be part of the state

1. In fact, a review of *Strickland* reveals that the language that this court quoted in *Rodgers I, see supra,* is best characterized as an alternate holding, the initial justification for remand having been that the jurisdictional limit had not been met *as of the date of removal. See Strickland,* 199 F.Supp. at 109. As a result, to the extent that this court quoted *Strickland* in its prior opinion, it was for the limited purpose addressed in *Rodgers I* and has no bearing on the issue at bar.

2. This court does not wish to suggest that such has occurred in the instant case; there is no evidence in the record to suggest that defendant has endeavored to delay these proceedings. The court merely notes that § 1446 is open to abuse by other defendants.

3. This court takes some comfort in the fact that the removal provisions of the second paragraph of § 1446(b) may only be exercised within the first year after the filing of the case, but this provides little relief to the plaintiff who has filed in state court seeking prompt adjudication of his claim.

court record, *see, e.g., Bonnell v. Seaboard Air Line R.R. Co.,* 202 F.Supp. 53, 55 (N.D.Fla.1962) (holding that under § 1446(b), "the term 'other paper' meant a paper which was filed of record"); *Putterman v. Daveler,* 169 F.Supp. 125, 129 (D.Del.1958) (finding that "the phrase 'or other paper' . . . means some other paper appearing in the record of the Court"), or at a minimum be " 'generated within the state court litigation,' " *Pack v. AC & S, Inc.,* 838 F.Supp. 1099, 1101 (D.Md. 1993) (quoting *Zbranek v. Hofheinz,* 727 F.Supp. 324, 326 (E.D.Tex.1989)); *see also Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294, 1296 (D.Minn.1987) (noting that "every court which has faced the issue . . . has construed the phrase 'or other paper' as referring solely to documents generated within the state court litigation itself"), the Fourth Circuit in *Yarnevic* concluded that "the 'motion, order or other paper' [need not] be part of the state court record." *Yarnevic,* 102 F.3d at 755. Rather, "[t]he 'motion, order or other paper' requirement is broad enough to include *any information received by the defendant,* 'whether communicated in a formal or informal manner.' " *Id.* (quoting *Broderick v. Dellasandro,* 859 F.Supp. 176, 178 (E.D.Pa.1994) (emphasis added)). Accordingly, plaintiff's settlement letter satisfies the Fourth Circuit's requirement for an other paper.[4]

■ The next issue before the court is whether defendant's actual knowledge that the jurisdictional limit would eventually accrue prevents defendant from removing pursuant to § 1446(b). Plaintiff argues that § 1446(b) requires that the other paper be one "from which it may *first* be ascertained that the case . . . has become removable." Plaintiff interprets the word "first" to preclude removal in this case because defendant already had knowledge as to when the amount in controversy would exceed the jurisdictional minimum.[5] This court has been

unable to locate any case that addresses this issue directly, but several opinions suggest that plaintiff's argument is without merit.

While it can be argued that both plaintiff and defendant could have "first . . . ascertained" from the complaint itself that the jurisdictional amount would have been reached through the running of the monthly payments required under the contract, the "aggregate amount" at issue would only reach the jurisdictional level through the passage of time. No one could know that some exigent circumstance, *e.g.,* the death of a beneficiary, or some other reason, would not prevent the amount from accruing to reach the jurisdictional level. Though knowing how the monthly sum might accrue, neither party could with the requisite certainty "first ascertain" the jurisdictional amount had accrued until that time had passed such that sufficient damages had, in fact, accrued.

■ "The essential purpose of § 1446(b) is to commence the running of the 30–day period once the defendant receives the requisite *written* notice that the case has become removable." *Sunburst Bank v. Summit Acceptance Corp.,* 878 F.Supp. 77, 82 (S.D.Miss. 1995) (emphasis added). Even though a defendant may believe or have actual knowledge that the amount in controversy is sufficient to support removal to federal court, he must still wait until he has obtained written notice from the plaintiff as to the amount of damages sought. Accordingly, in *Bonnell v. Seaboard Air Line Railroad Co.,* 202 F.Supp. 53 (N.D.Fla.1962), the court held that although a written settlement offer and a deposition that specified the amount in controversy could not constitute an other paper so as to trigger § 1446(b), a subsequent request for admissions would permit removal. Similarly, in *Smith v. Bally's Holiday,* 843 F.Supp. 1451, 1456 n. 7 (N.D.Ga.1994), the court noted that even though it was remand-

---

4. Because this court concludes that plaintiff's October 7 letter is sufficient to trigger the removal provisions of § 1446(b), this court need not address the defendant's second basis for removal; namely, defendant's request for admissions. Suffice it to say, however, that an admission by a party constitutes an "other paper" within the meaning of § 1446(b). *See Bonnell,* 202 F.Supp. at 55.

5. Because the disability payments that are allegedly due to plaintiff are accruing at a rate of $7500 per month, defendant had actual knowledge that the damages had exceeded the jurisdictional minimum well before it filed its second removal in the instant case.

ing the case because defendant had failed to satisfy the other paper requirement, a subsequent interrogatory inquiring as to the amount in controversy could support removal to federal court. The import of these decisions is that a case such as the one at bar does not "first" become removable until two requirements are fulfilled—actual satisfaction of the jurisdictional minimum and written notice that the amount in controversy justifies the exercise of federal jurisdiction. In the instant case, even though defendant may have been able to calculate with some uncertainty the accrued damages to conclude that the jurisdictional minimum had been exceeded, the case was not "first" removable until defendant had written notice that plaintiff sought damages in excess of $50,000.

Plaintiff's October 7, 1996 letter qualifies as an "other paper" so as to trigger the removal provisions of § 1446(b). His claim now exceeds the minimum required for a federal court to exercise jurisdiction. Because defendant filed its for petition within thirty days of receiving plaintiff's letter, defendant's removal of its case was timely and complied with the mandates § 1446(b). Removal to federal court is thus proper, and plaintiff's motion for remand will be denied.