# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KARIN PEETERS, : 

      Plaintiff, :     Civil Action No.:    15-00835 (RC)

v. :     Re Document No.:   2

RONALD MLOTEK, : 

      Defendant. : 

## MEMORANDUM & ORDER

### GRANTING PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE REMAND

## I. INTRODUCTION

This case concerns removal of a divorce proceeding before the Superior Court of the District of Columbia. *See Peeters v. Mlotek*, Case No. 2013 DRB 004222 (Sup. Ct. D.C. Dom. Rel. Branch). On December 19, 2013, Plaintiff Karin Peeters filed for divorce from Defendant Ronald Mlotek. *See* Compl., Notice of Removal Ex. C, ECF No. 1-1. Trial before the Superior Court is scheduled to begin tomorrow, Wednesday, June 10, 2015. *See* Notice of Removal and/or Petition for Writ of Prohibition ("Notice of Removal"), ECF No. 1, at 1; Pl.'s Emergency Mot. for Immediate Remand ("Pl.'s Mot.") at 1. On June 5, 2015,[1] Mr. Mlotek filed a Notice of Removal from the Superior Court of the District of Columbia to this Court pursuant to 28 U.S.C. § 1446, arguing that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because it raises questions of federal law.[2]

---

[1]     Although Mr. Mlotek filed his notice on June 5, 2015, the record before the Court indicates that he did not serve the notice upon Ms. Peeters's counsel until yesterday, June 8, 2015, two days before the scheduled trial. *See* Pl.'s Mot. Ex. A, ECF No. 2-1.

[2]     Mr. Mlotek states that he "does *not* seek to have this District Court actually adjudicate the merits of the divorce matter *per se*. Instead removal here is being sought for solely two, specific

Given the time exigency, Ms. Peeters has timely filed an emergency motion today, June 9, 2015, asking the Court to remand this case back to the Superior Court of the District of Columbia pursuant to 28 U.S.C. §§ 1446(b) and 1447(c).  For the reasons provided below, the Court finds that remand is appropriate and grants Ms. Peeters's motion.

## II.  DISCUSSION

Ms. Peeters argues that the Court should remand this case to the Superior Court of the District of Columbia so that the parties' divorce trial may move forward as scheduled because Mr. Mlotek's notice of removal is untimely under 28 U.S.C. § 1446(b) and because this matter falls within the "domestic relations" exception to federal jurisdiction.  Ms. Peeters also requests that the Court order Mr. Mlotek to bear her attorney fees and other associated costs pursuant to 28 U.S.C. § 1447(c).

The federal removal statute provides that a defendant desiring to remove a civil action from a state court must file his notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  The statute further provides that if the case stated by the initial pleading is not removable, then the defendant has 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" to file the notice of removal.  28 U.S.C. § 1446(c).  "Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed."  *Kopff v. World Research Group, LLC*, 298 F. Supp.

---

and narrow purposes:  (a) to secure the correct construction of a United States treaty obligation, to wit:  the Vienna Convention on Diplomatic Relations, 23 U.S.T. 3227 *et seq.*; and (b) to ensure the appropriate application of this treaty to the exceptional facts and circumstances that make this a matter of first impression."  Notice of Removal ¶ 2.

2d 50, 54 (D.D.C. 2003). *See also Zbranek v. Hofheinz*, 727 F. Supp. 324, 326 (E.D. Tex. 1989) ("[I]t is the duty of the federal court reviewing a motion for remand to resolve all doubt in favor of the plaintiff. The removal statutes must be strictly construed to protect the states from infringement by the federal government.") (internal citations omitted).

Mr. Mlotek was served with Ms. Peeters's Complaint on January 15, 2014. *See* Notice of Removal Ex. C, ECF No. 1-1. He did not file his notice of removal until June 2015, over sixteen months later, greatly exceeding the limit under Section 1446(b). It is also clear that, by his own admission, Mr. Mlotek was aware of the basis for removal since he received the Complaint. Mr. Mlotek states in his Notice of Removal that "[f]rom the filing of his very first pleading in Superior Court," he has "repeatedly, consistently, and vigorously raised the jurisdictional problems created by the two Federal questions" that underlie his notice of removal. Notice of Removal ¶ 15. Indeed, Mr. Mlotek explicitly stated in his Answer, filed on February 7, 2014, that "it is arguably possible that the Federal courts possess exclusive jurisdiction over this litigation" and that he was "contemplating and investigating possible removal of this case to the U.S. District Court." Answer, Notice of Removal Ex. D, ECF No. 1-1, at ¶ 3. Section 1446(c), therefore, is inapplicable, and Mr. Mlotek's notice of removal is untimely. *See Marine Midland Bank v. Bravo*, No. 00-cv-0369, 2000 WL 175132, at *1 (E.D. Pa. Feb. 11, 2000) (ordering remand because "the removed claim is asserted in a pleading which was filed and served over fifteen months ago").

Moreover, even if Mr. Mlotek had timely filed the notice of removal, the Court finds that he waived his right to removal by submitting to the jurisdiction of the Superior Court of the District of Columbia through his litigation of this matter over the course of the past sixteen months. "A defendant who has a right to remove an action to federal court may waive that right

by actions indicating that he has submitted to the jurisdiction of the state court." *McKinnon v. Doctor's Assocs., Inc.*, 769 F. Supp. 216, 217 (E.D. Mich. 1991). "The basis for this rule of law is that it is unfair to permit a party to experiment with his case in state court, and, upon adverse decision, remove the case for another try in federal court." *Rose v. Giamatti*, 721 F. Supp. 906, 922 (S.D. Ohio 1989) (citing *Bolivar Sand Co., Inc. v. Allied Equip., Inc.*, 631 F. Supp. 171 (W.D. Tenn. 1986)). Federal courts are "bound to consider the stage of the state court litigation in ruling on a motion to remand." *Zbranek*, 727 F. Supp. at 326. Courts have found that defendants have waived their right to removal by, for example, seeking to dismiss an action in state court, *see, e.g., Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96-97 (S.D.N.Y. 1989), or extensively participating in discovery and proceeding with trial in state court. *See, e.g., Certain Underwriters at Lloyd's v. Bristol-Myers Squibb Co.*, 51 F. Supp. 2d 756 (E.D. Tex. 1999). This case has reached an advanced stage before the Superior Court. Mr. Mlotek has litigated this case for the past sixteen months, seeking discovery, filing a motion to dismiss that, as of the date of his Notice of Removal, remains pending before the Superior Court, and proceeding to the eve of trial. *See* Def.'s Mot. to Dismiss, Notice of Removal Ex. A, ECF No. 1-1. By doing so, Mr. Mlotek has waived any right to removal.

Because the Court finds that remand to the Superior Court of the District of Columbia is appropriate based on the untimeliness of Mr. Mlotek's notice of removal and his waiver of his right to removal, the Court need not address Mr. Peeters's argument concerning whether the Court has subject matter jurisdiction over this case. The Court also declines to order Mr. Mlotek to bear Ms. Peeters's fees and costs pursuant to 28 U.S.C. § 1447(c), as the Court finds that the issue of Ms. Peeters's expenses is best left to the Superior Court of the District of Columbia, which was most disrupted by Mr. Mlotek's notice of removal.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Emergency Motion for Immediate Remand is

**GRANTED**.  Accordingly, this case is **REMANDED** to the Superior Court of the District of

Columbia.

    **SO ORDERED.**

Dated:  June 9, 2015                                RUDOLPH CONTRERAS
                                                United States District Judge